SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
: 
M&T BANK                                                        :   Index No.:
                                                                :   706898/2022
                                     Plaintiff,                 :
                                                                :
           – against –                                          :   AMENDED
                                                                :   ANSWER
BLANCA LUCIANO                                                  :
                                                                :
                                     Defendant(s).              :
---------------------------------------------------------------X

PLEASE TAKE NOTICE that Defendant Blanca Luciano ("Ms. Luciano"), by her attorney, Matthew Schedler, Esq., Of Counsel to Elizabeth Miller, Esq., CAMBA Legal Services Inc., hereby appears in this proceeding and interposes the following Amended Answer to the Complaint:

1. The Defendant lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1 of the Complaint.

2. The Defendant admits she is a current resident of Queens County.

3. The Defendant denies the allegations in paragraph 3 of the Complaint.

4. The Defendant denies the allegations in paragraph 4 of the Complaint.

5. The Defendant admits the allegations in paragraph 5 of the Complaint.

6. The Defendant admits the allegations in paragraph 6 of the Complaint.

7. The Defendant denies the allegations in paragraph 7 of the Complaint.

8. The Defendant denies the allegations in paragraph 8 of the Complaint.

9. The Defendant denies the allegations in paragraph 9 of the Complaint.

10. The Defendant denies the allegations in paragraph 10 of the Complaint.

11. The Defendant denies the allegations in paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

### Background and the Terms of the Sale

12. On or about August 22, 2015, the Defendant ("Ms. Luciano") executed a Retail Installment Contract (the "Contract") to purchase a 2016 Hyundai Santa Fe (the "Vehicle"), from Star Hyundai, LLC ("Star Hyundai") for a total price of $54,634.72. The Contract attached to the Complaint is not legible, but to the best of our knowledge the cash price of the Vehicle was $38,866.52 to which a $1,750.00 down payment was credited. The total amount financed, which included a $3,999.00 add-on titled "Term Care Select," was $42,183.02. Ms. Luciano agreed to pay by making 84 monthly payments of $629.34 beginning on October 6th, 2015. The finance charge for paying over time was $10,721.70.

13. At the time the Contract was executed, Ms. Luciano traded in her 2012 Hyundai Santa Fe ("2012 Santa Fe"). The Contract assigned a $21,251.15 trade-in value to the 2012 Santa Fe. Per the Contract, this amount was equal to the remaining balance owed for the 2012 Santa Fe.

14. Upon information and belief, the trade in value was not equal to the balance owed on the 2012 Santa Fe. Upon information and belief, the 2012 Santa Fe had negative equity, meaning more was owed on the car than it was worth. Upon information and belief, the car dealer, Star

Hyundai, LLC, inflated the value of trade in to make the sale more appealing to Ms. Luciano and potential finance companies. Upon information and belief, Star Hyundai, made up the lost profit by increasing the cost of the car or by including illusory add-ons.

15. Star Hyundai immediately assigned the Contract to the Plaintiff ("M&T Bank").

16. The FTC's Rule on Preservation of Consumer's Claims and Defenses ("FTC Holder Rule"), 16 C.F.R. Part 433.2, requires that every consumer contract contain a clause subjecting holders of the contract to all the claims and defenses that the consumer has against the seller. This holder in due course language states:

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

17. The contract attached as Exhibit A to the Plaintiff's complaint does not contain this language but also does not include the reverse side of the contract, where additional terms and conditions are contained. Upon information and belief, the holder rule language is on the reverse side of the contract.

18. The Contract is for a vehicle Ms. Luciano used primarily for personal, family, and household purposes, and is therefore a consumer contract.

16 C.F.R Part 433.1. Because M&T Bank is the current holder of Ms. Luciano's Contract, Ms. Luciano can assert any claims or defenses against M&T Bank that she could have asserted against Star Hyundai.

### Repossession and Sale of the 2016 Santa Fe

19. In 2018, Ms. Luciano's work hours were cut, leaving her unable to continue making payments on the Vehicle. In order to avoid defaulting on the Vehicle, Ms. Luciano contacted M&T Bank and informed them of her financial situation. Ms. Luciano was told to voluntarily surrender the Vehicle, which she proceeded to do. After voluntarily surrendering the Vehicle, M&T told Ms. Luciano that that she no longer owed money on the Vehicle.

20. After this exchange with M&T Bank, Ms. Luciano ceased making her monthly installment payments. Ms. Luciano defaulted on February 6th of 2018 when she missed that month's payment.

21. After voluntarily surrendering the car in 2018, the Defendant did not receive any communications regarding the Contract or the Vehicle, including any notices required under N.Y. Pers. Prop Law § 316, N.Y. Gen. Oblig. Law § 7-401, N.Y. U.C.C. § 9-611, or N.Y. U.C.C. § 9-616.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

22. The Defendant does not owe this debt.

### Second Affirmative Defense

23. Plaintiff's action is barred by the relevant statute of limitations.

### Third Affirmative Defense

24. Plaintiff fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

25. Plaintiff lacks standing to bring this suit.

### Fifth Affirmative Defense

26. The Plaintiff did not dispose of the collateral in a commercially reasonable manner in violation of N.Y. U.C.C. § 9-610.

### Sixth Affirmative Defense

*[Deceptive Acts and Practices]*
N.Y. Gen. Bus. Law § 349

27. The facts set forth in the paragraphs above are repeated and realleged.

28. By falsely representing that the 2012 Santa Fe's trade-in value was equal to the amount still owed on its financing contract, Star Hyundai deceived the Defendant into believing that there was no negative equity on her 2012 Santa Fe. In actuality, the cost of the 2012 Santa Fe's negative equity was hidden in the Contract via the inflated cost of the 2016 Santa Fe and in illusory add-ons. This made the sale of the 2016 Santa Fe appear more appealing to the Defendant than it was.

29. Automobile sales and financing are heavily regulated on both the State and Federal levels because of a history of deceptive practices aimed at

luring consumers into unaffordable loans. The Dealer, Star Hyundai, is in the business of selling automobiles to similarly situated customers. Accordingly, its use of unlawful practices has a broad impact on consumers at large.

30. Plaintiff is liable for the Dealer's conduct under the final paragraph of 16 C.F.R. § 433.2 ("the FTC Holder Rule"). This rule requires that the following language is included in all consumer contracts:

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

31. M&T only attaches the front page of their contract to the complaint, eliminating all the terms and information included on the back of the contract. Upon information and belief, the back of the contract contains the required holder in due course language.

32. As a direct and proximate result of the Dealer's acts, omissions, misrepresentations and concealments, Defendant has suffered past, present, and future damages, including damages caused by Star Hyundai's misrepresentation of the 2012 Santa Fe's negative equity. By deceiving Ms. Luciano into believing that her trade in vehicle did not have negative equity, Star Hyundai deprived Ms. Luciano of the opportunity to make an educated choice regarding the purchase of the

2016 Santa Fe. Had Ms. Luciano known that she had negative equity on her previous vehicle, and that the purchase price of the new Vehicle was higher because of that negative equity, she may have chosen to not purchase the new Vehicle.

### Eighth Affirmative Defense

33. Plaintiff is barred from recovery herein by the doctrine of unclean hands.

### Ninth Affirmative Defense

34. Plaintiff failed to mitigate damages.

### Tenth Affirmative Defense

35. The Defendant disputes the amount of the debt.

### Eleventh Affirmative Defense

36. Plaintiff is barred from recovery herein by the defense of unconscionability.

### Twelfth Affirmative Defense

37. Plaintiff has breached its duty of good faith and fair dealing.

### Thirteenth Affirmative Defense

38. The contract may be rescinded due to misrepresentation.

### Fourteenth Affirmative Defense

[*Failure to Issue Notice of Redemption Rights*]
N.Y. Pers. Prop. Law § 316 and N.Y. Gen. Oblig. Law § 7-401

39. The facts set forth in the paragraphs above are repeated and realleged.

40. By failing to provide to Defendant a notice of redemption rights, Plaintiff violated N.Y. Pers. Prop. Law § 316 and N.Y. Gen. Oblig. Law § 7-401.

### Fifteenth Affirmative Defense
*[Failure to Issue Notice before Disposition of Collateral]*
N.Y. U.C.C. § 9-611

41. The facts set forth in the paragraphs above are repeated and realleged.

42. By failing to provide Ms. Luciano a notice before disposition of the 2016 Santa Fe Plaintiff violated N.Y. U.C.C. § 9-611.

### Sixteenth Affirmative Defense
*[Failure to Issue Notice of Deficiency]*
N.Y. U.C.C. § 9-616

43. The facts set forth in the paragraphs above are repeated and realleged.

44. By failing to provide to Defendant a notice of deficiency, Plaintiff violated the N.Y. U.C.C. § 9-616.

### Prayer for Relief

WHEREFORE, Ms. Luciano respectfully asks that this Court enter a judgment

A. Dismissing the Complaint in its entirety and with prejudice as against costs and disbursements incurred by the Defendant incurred in this action;

B. Awarding actual and statutory damages, along with reasonable attorney's fees and costs;

C. Awarding such other and further relief as the Court deems proper.

Dated: July 6, 2022
Brooklyn, New York

By: Matthew Schedler, Esq., Of Counsel
CAMBA Legal Services, Inc.
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue, 2nd Floor
Brooklyn, NY 11226
(718) 940-6311 ext. 79284
*Attorneys for the Defendant*

## VERIFICATION

State of New York )
                 ) ss.:
County of Kings  )

The undersigned, an Attorney duly admitted to practice law in the State of New York, affirms pursuant to NY CPLR 3020 (d) (3) the following statements to be true under the penalties of perjury: That I am the Attorney of record for Defendant; That I have read and know the contents of the foregoing Answer; That same is true to the knowledge of the affirmant except as to those matters therein stated to be alleged upon information and belief and as to those matters I believe to be true. The reason this verification is made by the affirmant and not the Defendant is because the Defendant does not reside in the county where I maintain an office for the practice of law.

By: Matthew Schedler, Esq., Of Counsel
Elizabeth Miller, Esq., General Director
CAMBA Legal Services, Inc.
20 Snyder Avenue
Brooklyn, NY 11226
(718) 940-6311
*Attorneys for the Defendant*

Dated: July 6, 2022
Brooklyn, New York