Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 1 of 72 PageID #: 56

**STATE OF NEW YORK**
**SUPREME COURT COUNTY OF QUEENS**

------------------------------------X

M&T BANK                                         :

              Plaintiff,            :

                              :    **Index No. 706898/2022**

      -against-                           :    **NOTICE OF MOTION TO**
                                   **DISMISS**

BLANCA LUCIANO,                                  :

              Defendant.            :

------------------------------------X

**PLEASE TAKE NOTICE** that upon the annexed Affirmation of Matthew Schedler, ESQ., dated July 27th, 2022, Affidavit of Defendant Blanca Luciano, sworn on July 25th, 2022, Exhibits, Memorandum of Law, and upon all the proceedings had and papers filed previously herein, the Defendant will move this court located  Queens Supreme Court <u>before an IAS part to be assigned</u>, in the State of New York on the 23rd day of August 2022, at 9:30 or as soon thereafter as counsel can be heard, for an Order:

1. dismissing all of Plaintiff's claims under CPLR Rule 3211(a)(5) as time barred by the four-year statute of limitations imposed by N.Y U.C.C § 2-725(1), and under CPLR 3211(a)(7) for failure to state a claim.

2. granting such other and further relief as this Court sees just and proper, including, but not limited to reimbursement of costs and disbursements.

**PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR 2214(b) Defendant demands that answering affidavits and any notice of cross-motion, with supporting papers, if any, be served at least seven (7) days prior to the time at which this motion is noticed to be heard.

Dated: July 27, 2022
        Brooklyn, New York

Respectfully Submitted,

By: Matthew Schedler Esq., Of Counsel
Elizabeth Miller, Esq., General Counsel
CAMBA Legal Services, Inc.
20 Snyder Avenue
Brooklyn, NY 11226
(718)-940-6311, ext 79284
*Attorneys for the Defendant*

TO: Rupp Baase Pfalzgraf Cunningham LLC
    Kyle C. DiDone, Esq.
    1600 Liberty Building
    Buffalo, New York 14202
    (716) 854-3400
    *Attorneys for Plaintiff*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

------------------------------X

**M&T BANK**                               :

            **Plaintiff,**              :

                          :       **Index No. 706898/2022**

       **-against-**               :       **AFFIDAVIT IN SUPPORT**
                                          **OF MOTION TO DISMISS**

**BLANCA LUCIANO**                     :

            **Defendant.**            :

------------------------------X

Blanca Luciano, being duly sworn, deposes and says that:

1. I am the Defendant in the above-captioned action. I submit this Affidavit in support of my Motion to Dismiss. This Affidavit is based on my own knowledge and on the annexed exhibits.

2. On or about August 22, 2015, I entered into a retail installment contract with Star Hyundai, LLC for the purchase of a 2016 Hyundai Santa Fe. Exhibit A.

3. I am 40 years old and a mother to four children. I purchased the car in order to travel to my employment as a medical assistant at a pediatrician's office, and to drive my children to school and other activities.

4. My work hours were cut, and I was unable to continue making payments on the car. In order to avoid defaulting, I contacted M&T Bank and informed them of my financial situation. I was told by M&T Bank that I should voluntarily surrender the vehicle, which I then did. After doing so, I was told by M&T that I no longer owed money, so I ceased making my monthly payments.

5. The first payment I missed on was due on February 6th, 2018.

Case 1:23-cv-02233-EK-RML    Document 1-5    Filed 03/22/23    Page 4 of 72 PageID #: 59

6. After I surrendered the car, I did not receive any communications regarding the Contract or the Vehicle, including any notices required under N.Y. Pers. Prop Law § 316, N.Y. Gen. Oblig. Law § 7-401, N.Y. U.C.C. § 9-611, or N.Y. U.C.C. § 9-616.

7. On March 30th, 2022 Plaintiff M&T Bank started this case by filing a Summons and Complaint. Exhibit A. On June 13th, 2022 I was personally served with the Summons and Complaint at my apartment. Exhibit B. On June 22nd, 2022, I filed an Answer *pro se*, attached as Exhibit C. After doing so I called 311 looking for legal support, and was directed to CAMBA Legal Services. On June 24th went to CAMBA Legal Services, a non-profit legal services provider to discuss my case. After my intake, CAMBA agreed to represent me. My attorney from CAMBA entered a Noticed of Appearance on June 24th, 2022 and submitted an Amended Answer on July 7th, 2022. Exhibit D.

8. In my Amended Answer I raised a Statute of Limitations as a defense. Exhibit D.

Blanca Luciano

Sworn to me on this 25th day of July, 2022

Notary Public

MATTHEW AUSTIN SCHEDLER
NOTARY PUBLIC, State of New York
No. 02SC6197762
Qualified in Kings County
Commission Expires January 12, 202_

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

M&T BANK                                   :

              Plaintiff,            :

                            :     **Index No. 706898/2022**

       -against-                    :     **AFFIRMATION IN SUPPORT**
                                   **OF MOTION TO DISMISS**

BLANCA LUCIANO                             :

              Defendant.          :

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

Matthew Schedler, an attorney duly admitted to the practice of law in the State of New York,

hereby affirms under CPLR § 2106 and the penalties of perjury states that:

      1.     I am a Supervising Attorney with CAMBA Legal Services, Inc. attorneys for

Defendant, ("Defendant" or "Ms. Luciano") and as such I am fully familiar with the facts and

circumstances underlying this proceeding. I make this affirmation in support of the Defendant's

Motion to Dismiss under CPLR § 3211(a)(5) and CPLR § 3211(a)(7). The facts set forth below

are in my personal knowledge, except for those stated upon information and belief based on the

affidavit and exhibits attached.

Procedural History

      2.     On March 30th, 2022, M&T Bank commenced this action by filing a Summons

and Complaint. A true copy of the Summons and Complaint is attached as Exhibit A. The

Complaint seeks $16,922.12 plus attorney's fees for an alleged deficiency on a car sale. *Id.* The

Complaint alleges two causes of action; one for Breach of Contract, and one for Unjust

Enrichment.

      3.     On June 13th, 2022 Ms. Luciano was personally served with the Summons and

Complaint at her apartment. A true copy of the affidavit of service is attached as Exhibit B.

FILED: QUEENS COUNTY CLERK 07/27/2022 05:43 PM          INDEX NO. 706898/2022

NYSCEF DOC. NO.: Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 6 of 72 PageID #: 61   RECEIVED NYSCEF: 07/27/2022

4.      On June 22, 2022, Ms. Luciano filed a *pro se* Answer. A true copy of Ms.

Luciano's *pro se* Answer is attached as Exhibit C. She then called 311 looking for legal support

and was referred to CAMBA Legal Services. Luciano Aff. ¶ 7. On June 24th she went to

CAMBA Legal Services, a non-profit legal services provider, to discuss her case. *Id.* After her

intake, CAMBA agreed to represent her. Her attorney from CAMBA entered a Notice of

Appearance on June 24th, 2022 and submitted an Amended Answer as a right 15 days later on

July 7th, 2022. A true copy of Ms. Luciano's Amended Answer is attached as Exhibit D. In her

Amended Answer Ms. Luciano raised a Statute of Limitations defense. Exhibit D ¶ 23.

5.      Since appearing in the action M&T has provided Ms. Luciano with a more legible

version of the contract they attach to the complaint as Exhibit A. A true copy of that contract is

attached as Exhibit E.

<h3 style="text-align:center">Factual Background</h3>

6.      On or about August 22, 2015, the Defendant ("Ms. Luciano") executed a Retail

Installment Contract (the "Contract") to purchase a 2016 Hyundai Santa Fe (the "Vehicle"), from

Star Hyundai, LLC ("Star Hyundai"). Exhibit E. The cash price of the vehicle was $38,866.52 to

which a $1,750.00 down payment was credited. *Id.* The total amount financed, which included a

$3,999.00 add-on titled "Term Care Select," was $42,163.02. *Id.* The finance charge for paying

over time was $10,721.70. *Id.* Star Hyundai immediately assigned the Contract to the Plaintiff

("M&T Bank"). *Id.*

7.      Ms. Luciano agreed to pay for the car by making 84 monthly payments of

$629.58 beginning on October 6th, 2015. *Id.*

8.      In 2018, Ms. Luciano's hours were cut at her job, leaving her unable to continue

Case 1:23-cv-02233-EK-RML Document 1-5 Filed 03/22/23 Page 7 of 72 PageID #: 62

making payments on the Vehicle. Luciano Aff. ¶ 4. Ms. Luciano contacted M&T Bank and informed them of her financial situation. *Id.* Ms. Luciano was told to voluntarily surrender the Vehicle, which she proceeded to do. *Id.* After voluntarily surrendering the Vehicle, M&T Bank told Ms. Luciano that that she no longer owed money on the Vehicle. *Id.*

9.     After this exchange with M&T Bank, Ms. Luciano ceased making her monthly installment payments. Luciano Aff. ¶ 4. Ms. Luciano defaulted on February 6th of 2018 when she missed that month's payment, more than 4 years before the filing of this lawsuit. *Id.* at ¶ 5.

10.     After February 28, 2018, Ms. Luciano did not receive any communications regarding the Contract or the Vehicle, including any notices required under N.Y. Pers. Prop Law § 316, N.Y. Gen. Oblig. Law § 7-401, N.Y. U.C.C. § 9-611, or N.Y. U.C.C. § 9-616. *Id.* at ¶ 6.

Argument

*M&T's Claim For Breach Of Contract Was Not Commenced Within The Statute Of Limitations*

*Of New York State*

11.     When a claim is barred by the statute of limitations, a party may move for a judgment dismissing that claim. CPLR § 3211(a)(5). If the defendant can establish when the plaintiff's cause of action accrued, they have met their burden and the burden shifts to the plaintiff to show a question of fact as to whether the statute of limitations has expired. *Wilson v. Southampton Urgent Med.-Care, P.C.*, 112 A.D.3d 499, 500 (App. Div. 1st Dep't 2013); *Bennie v. Hudson Val. Ctr. at St. Francis, LLC.*, 115 A.D.3d 899, 900 (App. Div. 2d Dep't 2014).

12. Under CPLR § 213(2), actions based upon contractual obligation are to be brought within six years, but there is a carve-out for contracts for the sales of goods under Article 2 of the New York's Uniform Commercial Code ("UCC"). CPLR § 213(2). For contracts under Article 2 of the UCC, a four-year statute of limitations applies.  NY UCC § 2-725.

13. Here, the contract that forms the basis of the suit is a retail installment contract for the sale of a car. New York Courts have repeatedly held that retail installment contracts are governed by NY UCC's four-year statute of limitations. *Autovest, L.L.C. v. Nathan*, No. 24033/2012, 2015 WL 1360148, at *1 (N.Y. City Civ. Ct. Mar. 23, 2015); *Orix Financial Services, Inc. v. Hubbard*, No. 1050662006, 2006 WL 8086481, at *2 (N.Y. Sup. Ct. Oct. 08, 2006); *Autovest, L.L.C. v Sentino*, No. 506536/2015, 2016 WL 11759721, at *1 (N.Y. Sup. Ct. Nov. 15, 2016). *See Heller v. U.S. Suzuki Motor Corp.*, 64 N.Y.2d 407, 408 (1985); *Weinstein v. Gen. Motors Corp.*, 51 A.D.2d 335, 337 (1st Dep't 1976) (holding, in the warranty context, vehicle sales are subject to four-year statute of limitations under UCC); *Autovest, L.L.C. v Weems*, No. 34697/2020E, 2021 WL 4862329 (N.Y. Sup. Ct. Sep. 20, 2021). A true copy of *Autovest L.L.C. v Nathan* is attached as Exhibit G. A true copy of *Autovest L.L.C. v. Sentino* is attached as Exhibit H.

14. In an installment sale contract action in New York, breach occurs when the defendant misses a payment. *Nathan*, 2015 WL 1360148 at *1; *Jaycent,* 2016 WL 11759721, at *1; *Orix Fin. Servs. v. Hoxit*, No. 101550/06, 2006 N.Y. Misc. LEXIS 2367, at *3 (Sup. Ct. Aug. 1, 2006). A true copy of *Orix. Fin. Servs. v. Hoxit* is annexed as Exhibit F.

15. The Contract attached to the Complaint states that Ms. Luciano's payments were due on the 6th of each month meaning the correct date of the breach of contract is February 6th, 2018. Exhibit E. Stated simply, M&T Bank's cause of action accrued on February 6th, 2018 and the statute of limitations for that claim expired four years later, on February 6th, 2022. M&T Bank filed this case on March 20th, 2022, more than a month after the expiration of the statute of limitations. M&T's claim for breach of contract is time barred and must be dismissed with prejudice.

*M&T's Claim for Unjust Enrichment is also Time Barred*

16. In addition to its breach of contract claim M&T assets a claim for unjust enrichment. M&T pleads no additional facts in support of its claim for unjust enrichment, instead realleging the facts that form the basis of it breach of contract claim.

17. In New York, there is no established statute of limitations period for an unjust enrichment claim. *Maya NY, LLC v. Hagler*, 106 A.D.3d 583 (App. Div. 1st Dep't 2013). Instead, courts look to the nature of the unjust enrichment claim and apply the statute of limitations for the claim that forms its basis. *Id.*; *Ingrami v. Rover*, 45 A.D.3d 806, (App. Div. 2d Dep't 2007); *Moskovits v. Grigsby*, No. 19-CV-3991 (VSB), 2020 WL 3057754, at *4 (S.D.N.Y. June 9, 2020).

18. Here, M&T's unjust enrichment claim is based on a rehashing of its breach of contract claim and the statute of limitations would be the same as the statute of limitations for a breach of contract claim. Because the statute of limitations for breach of contract under the UCC is four years the statute of limitations for M&T's unjust enrichment claim is also 4 years and, like its claim for breach of contract, is time barred. *Herba v. Chichester*, 301 A.D.2d 822 (App. Div. 3rd Dep't 2003); *See Wuhu Import & Export Corp. v. Capstone Capital*, LLC, 39 A.D.3d 314 (App. Div. 1st Dep't 2007).

*M&T Failed to Establish a Prima Facie Claim for Unjust Enrichment*

19. Under CPLR 3211(a)(7), a party can move to dismiss a claim if the pleading fails to state a cause of action. CPLR 3211(a)(7). When reviewing motions to dismiss, Courts must "accept the facts as alleged in the complaint as true" and accord the non-moving party with "the benefit of every possible favorable inference." *Leon v Martinez*, 84 N.Y.2d 83, 88 (1994).

20.     In order to establish a *prima facie* claim for unjust enrichment a party must establish adequately "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandrin Trading Ltd. C. Wildenstein*, 16 N.Y. 3d 173 (2011). A claim for unjust enrichment warrants dismissal if it does not include sufficient facts; "conclusory allegations that fail to establish that a defendant was unjustly enriched at the expense of the plaintiff warrant dismissal*." Mandrin Trading Ltd. C. Wildenstein*, 16 N.Y. 3d 183 (2011); *see also North Salem Psychiatric Servs., P.C. v. Medco Health Solutions, Inc.*, 854 N.Y.S.2d 905 (App. Div. 2d Dep't 2008); *Vassel v. Vassel*, 336 N.Y.S.2d 887 (App. Div. 2d Dep't 1972).

21.     In this case M&T Bank has failed to state how Ms. Luciano was enriched at their expense, and what enrichment she is currently retaining. In the Complaint, M&T Bank only makes the conclusory allegation that "by reason of acts of the defendant, as aforesaid… defendant has been unjustly enriched to plaintiff's detriment." Exhibit A ¶ 10. Ms. Luciano was not enriched; she made monthly payments of $629.34 to M&T Bank for every month that she had the car in her possession, and voluntarily surrendered the car to M&T Bank before she stopped making payments. Exhibit A; Luciano Aff. ¶ 4. Ms. Luciano has not retained anything, and has not been enriched at M&T's expense. *See Mandrin Trading Ltd. C. Wildenstein,* 16 N.Y. 3d 182 (2011).

*M&T's Unjust Enrichment Claim is an Improper Recasting of Its Breach of Contract Claim.*

22.     The Court of Appeals has consistently held that "the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter." *Eagle Comtronics, Inc. v. Pico Prods., Inc.*, 256 A.D.2d 1202, 1202 (App. Div. 4th Dept. 1998).

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 11 of 72 PageID #: 66

Additionally, an unjust enrichment claim cannot be used as a backstop when a party cannot prove a viable contract. *See Martin H. Bauman Associates, Inc. v. H & M Intern. Transport, Inc.*, 171 A.D.2d 479 (App. Div. 1st Dep't 1991)("…quantum merit is intended to avoid a party's unjust enrichment; it is certainly not a device wherein a plaintiff may enforce a purported agreement which might ultimately be found not to be viable."); *Glinskaya v. Zelman*, 128 A.D.3d 7719 (App. Div. 2nd Dep't 2015). Similarly, an unjust enrichment claim that is indistinguishable from a breach of contract claim cannot be maintained. *Benham v. eCommission Solutions, LLC*, 118 A.D.3d 605 (App. Div. 1st Dep't 2014)(an unjust enrichment claim that is duplicative of a contract claim must be dismissed).

23. Here, M&T and Ms. Luciano's relationship was governed by a written contract. Exhibit E. What is more, the M&T's unjust enrichment claim alleges the exact same facts as their breach of contract claim, with no substantive unjust enrichment specific allegations. Exhibit E.

24. Because the Plaintiff's claim for unjust enrichment fails to state a cause of action it should be dismissed with prejudice per CPLR 3211(a)(7).

WHEREFORE, I respectfully request that this Court grant Ms. Luciano's motion to dismiss and granting such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
July 27, 2022

By: Matthew Schedler Esq., Of Counsel
CAMBA Legal Services, Inc.

Case 1:23-cv-02233-EK-RML Document 1-5 Filed 03/22/23 Page 12 of 72 PageID #: 67

Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue
Brooklyn, NY 11226
(718)-940-6311, ext. 79284
matthewsc@camba.org
*Attorneys for the Defendant*

TO: Kyle C. DiDone, Esq.
1600 Liberty Building
Buffalo, New York, 14202
(716) 854-3400
*Attorneys for the Plaintiff*

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 13 of 72 PageID #: 68

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

---------------------------- X

M&T BANK                                :

                Plaintiff,       :

                            :       **Index No. 706898/2022**

      -against-                    :       **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

BLANCA LUCIANO                          :

                Defendant.      :

---------------------------- X

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Matthew Schedler Esq., Of Counsel
CAMBA Legal Services, Inc.
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue
Brooklyn, NY 11226
(718)-940-6311, ext 79284
*Attorneys for the Defendant*

TO: Rupp Baase Pfalzgraf Cunningham LLC
    Kyle C. DiDone, Esq.
    1600 Liberty Building
    Buffalo, New York, 14202
    (716) 854-3400
    *Attorneys for the Plaintiff*

## PRELIMINARY STATEMENT

This case involves a threshold question asked in every first year contracts class: is this a contract for the sale of goods? If so, the sale is governed by Article 2 of the Uniform Commerical Code which suplants the common law of contracts. While law school test students with contracts that mix goods and services, here the inquiry is straightforward. In August of 2015 Ms. Luciano bought a car from Star Hydundai. That contract was immediately assigneed to M&T Bank ("M&T"), the plaintiff here. Ms. Luciano made payments on the car for a number of years, but in 2018, fell on hard times. Unable to make payments, Ms. Luciano defaulted in Feburary 2018 and voluntarily surrendered the car.

Article 2 of the NY UCC provides a four year statue of limitations for a breach of contract. The UCC's purpose is to create uniform rules and remove jurisdictional variation. This is especially true in the statute of limitations context where jurisdicational varience is common. The UCC establishes a limitations period of 4 years because it is the period most consistent with modern business practices. In spite of this limitation, M&T filed suit on March 20th, 2022, over a month after the limitations period expired. Because the action was time barred at filing, M&T's breach of contract claim should be dismissed.

M&T Bank also brings a claim for unjust enrichment. Like its breach of contract claim, this cause of action is also time barred. In addition, M&T fails to plead a *prima facie* case or establish any of the elements of an unjust enrichment claim. Unjust enrichment claims are reserved for specific instances where the non-moving party is enriched at the other party's expense, and it is against equity and good conscience to permit the non-moving party to retain what is sought to be recovered. Fundmental to an unjust enrichment claim is the enrichment of the opposing party, but here that has not occurred. Ms. Lucaino is not retaining anything - to

M&T's detriment or otherwise. M&T is merely attempting to use unjust enrichment as a backstop in the event their breach of contract claim is not successful. But that is not the place of a claim for unjust enrichment; these claims arise in situations of quasi contract, or when a mistake or misunderstanding has occurred. Unjust enrichment claims are not appropriate in situations where a formal contract exists, because there is no need for the court to impose a legal fiction where there is already a legal reality. There is no evidence of Ms. Luciano being enriched at the M&T's expense, and there is a contract that governs their exchange. Therefore, the claim should be dimissed.

## FACTS AND PROCEDURAL HISTORY

On or about August 22, 2015, Ms. Luciano executed a Retail Installment Contract (the "Contract") to purchase a 2016 Hyundai Santa Fe from Star Hyundai, LLC ("Star Hyundai"). Exhibit E. The total amount to be paid was $52,884.72. Exhibit E. Ms. Luciano agreed to pay by making 84 monthly payments of $629.58 beginning on October 6th, 2015. *Id.* Star Hyundai immediately assigned the Contract to the Plaintiff ("M&T Bank"). *Id.*

In 2018, Ms. Luciano's hours were cut at her job, leaving her unable to continue making payments on the Vehicle. Luciano Aff. ¶ 4. Ms. Luciano contacted M&T Bank and informed them of her financial situation. *Id.* Ms. Luciano was told to voluntarily surrender the Vehicle, which she proceeded to do. *Id.* After voluntarily surrendering the Vehicle, M&T Bank told Ms. Luciano that that she no longer owed money on the Vehicle. *Id.*

After this exchange with M&T Bank, Ms. Luciano ceased making her monthly payments. *Id.* Ms. Luciano defaulted on February 6th of 2018 when she missed that month's payment. Exhibit A; Luciano Aff. ¶ 5. After February 6th, 2018, Ms. Luciano did not receive any communications

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 16 of 72 PageID #: 71

regarding the Contract or the Vehicle, including any notices required under N.Y. Pers. Prop Law

§ 316, N.Y. Gen. Oblig. Law § 7-401, N.Y. U.C.C. § 9-611, or N.Y. U.C.C. § 9-616. Luciano

Aff. ¶ 6.

On March 30th, 2022 M&T Bank commenced this case by filing a Summons and Complaint.

Exhibit A. On June 13th, 2022 Ms. Luciano was personally served with the Summons and

Complaint at her apartment. Exhibit B. On June 22nd, 2022, M.s Luciano filed an Answer *pro se*,

in the meantime she called 311 who gave her the numbers for legal services nonprofits that could

assist her. Aff. ¶ 7. A few days later, she went to CAMBA Legal Services to discuss her case.

Exhibit C; Luciano Aff. ¶ 7. After her intake, CAMBA agreed to represent her. Luciano Aff. ¶ 7.

Her attorney from CAMBA entered a Noticed of Appearance on June 24th, 2022 and submitted

an Amended Answer as a right on July 7th, 2022. Exhibit D. In her Amended Answer she raised a

Statute of Limitations as a defense. Exhibit D ¶ 23.

## ARGUMENT

### A. M&T's Claim for Breach of Contract is Barred by the UCC's 4 Year Statute of Limitations

When a claim is barred by the statute of limitations, a party may move for a judgment

dismissing that claim. CPLR § 3211(a)(5). The moving party bears the initial burden of

establishing, *prima facie*, that the time in which to sue has expired. *Benn v. Benn*, 82 A.D.3d

548, 548 (App. Div. 1st Dep't 2011). The court must take all the allegations in the Complaint as

true and resolve all inferences in favor of the plaintiff. *Id.* If the defendant can establish when the

plaintiff's cause of action accrued, they have met their burden and the burden shifts to the

plaintiff to show a question of fact as to whether the statute of limitations has expired. *Wilson v.*

*Southampton Urgent Med.-Care, P.C.*, 112 A.D.3d 499, 500 (App. Div. 1st Dep't 2013); *Bennie v. Hudson Val. Ctr. at St. Francis, LLC.*, 115 A.D.3d 899, 900 (App. Div. 2d Dep't 2014).

Article 2 of New York's Uniform Commercial Code ("UCC") governs all contracts that involve the sale of goods. NY UCC § 2-102. Article 2 defines goods as "all things…which are movable at the time of identification to the contract for sale." NY UCC § 2-105(1). Under the UCC, the statute of limitations for a breach of contract claim is four years. UCC § 2-725. In line with this rule, New York's general statute of limitations for contractual obligations has a carve out for contracts covered by Article 2 of the UCC. CPLR § 213(b); NY UCC § 2-725(1). The UCC defines the limitations period by requiring that "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." NY UCC § 2-725(1). In turn, "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." NY UCC § 2-725(2).

Here, the contract that forms the basis of the suit is a retail installment contract for the sale of a car. Exhibit E. A vehicle is a moveable good and retail installments contracts, by definition, are for the sale of goods. Black's Law Dictionary (11th ed. 2019)(retail installment contract are contract[s] for the sale of goods under which a buyer makes periodic payments). This is also established on the face of the contract. Star Hyundai is listed as the "seller" and Ms. Luciano is listed as the "buyer." Exhibit E. The title of the Contract is "Retail Installment Contract (Motor Vehicle- NY)." *Id.* Additionally, under the "Vehicle" section, the Contract states, "you have agreed to purchase, under the terms of this Contract, the following motor vehicle and its extra equipment." *Id.* The "No Cooling Off Period" states the buyer cannot change their mind "even if [they] wish they had acquired a different item." *Id.*

New York Courts have addressed this issue before and have repeatedly held that retail
installment contracts are governed by NY UCC's four-year statute of limitations. *Autovest,
L.L.C. v. Nathan*, No. 24033/2012, 2015 WL 1360148, at *1 (N.Y. City Civ. Ct. Mar. 23, 2015);
*Orix Financial Services, Inc. v. Hubbard*, No. 1050662006, 2006 WL 8086481, at *2 (N.Y. Sup.
Ct. Oct. 08, 2006); *Autovest, L.L.C. v Sentino*, No. 506536/2015, 2016 WL 11759721, at *1
(N.Y. Sup. Ct. Nov. 15, 2016); *Heller v. U.S. Suzuki Motor Corp.*, 64 N.Y.2d 407, 408 (1985);
*Weinstein v. Gen. Motors Corp.*, 51 A.D.2d 335, 337 (1st Dep't 1976) (holding, in the warranty
context, vehicle sales are subject to four-year statute of limitations under UCC); *Autovest, L.L.C.
v. Weems*, No. 34697/2020E, 2021 WL 4862329 (N.Y. Sup. Ct. Sep. 20, 2021).

Like the courts in New York, the highest courts in New York's sister states, including
New Jersey, Georgia, Missouri, Delaware, Vermont, and Kentucky, have held that Article 2's
four-year statute of limitations applies to retail installments contracts involving the sale of a
vehicle. *Assocs. Disc. Corp. v. Palmer*, 47 N.J. 183 (1966); *Suntrust Bank v. Venable*, 299 Ga.
655 (2016); *First Nat. Bank in Albuquerque v. Chase*, 887 P.2d 1250 (N.M 1994); *Worrel v.
Farmers Bank of State of Del.*, 430 A.2d 469 (Del. 1981); *DaimlerChrysler Servs. N. Am., LLC
v. Ouimette*, 175 Vt. 316 (2003); *Ford Motor Credit Co. v. Arce*, 791 A.2d 1041 (N.J. Super. Ct.
App. Div. 2002); *Citizen's Nat'l Bank of Decatur v. Farmer*, 395 NE 2d 1121 (Ill App. Ct.
1979); *Barnes v. Cmty. Tr. Bank*, 121 SW 3d 520 (Ky. Ct. App. 2003); *D.A.N. Joint Venture, III
v. Clark,* 218 S.W.3d 455 (Mo. Ct. App. 2006). Because the UCC's purpose is to create uniform
rules and remove jurisdictional variation, its interpretation by other state's courts is informative.
Official Comment to Article 2-275.

These courts found that the primary purpose of the contracts at issue was for the sale of
the relevant vehicles, which are indisputably 'goods' under the UCC's definition. *Suntrust Bank*

*v. Venable*, 299 Ga. 657 (2016); *First Nat. Bank in Albuquerque v. Chase,* 887 P.2d 1251 (N.M 1994*)*. They also held that the nature of the deficiency actions filed by the Plaintiffs further supported their reading of the contracts as primarily for the sale of goods. *Suntrust Bank v. Venable*, 299 Ga. 659 (2016); *First Nat. Bank in Albuquerque v. Chase,* 887 P.2d 1250 (N.M 1994*)*("a deficiency action is essentially an action for the price and is, therefore, part of the general sales aspect of the agreement"); 68A AmJur2d Secured Transactions § 565 (2016) ("the action of the creditor to recover a deficiency judgment from a credit buyer of goods is in substance an action to recover the balance of the purchase price and is therefore subject to the statute of limitations applicable to such actions").

The breach of a retail installment contract occurs when the consumer first misses a payment. *Nathan*, 2015 WL 1360148 at *1; *Sentino,* 2016 WL 11759721, at *1; *Orix Fin. Servs. v. Hoxit*, No. 101550/06, 2006 N.Y. Misc. LEXIS 2367, at *3 (Sup. Ct. Aug. 1, 2006). M&T Bank alleges in the Complaint that Ms. Luciano first failed to make a payment, and breached the Contract, on February 28th, 2018. Exhibit A ¶ 6.  The Contract attached to the Complaint states that Ms. Luciano's payments were due on the 6th of each month meaning the correct date of the first missed payment is February 6th, 2018. Exhibit E. In any case, both dates are more than four years from the March 20, 2022 date of filing, and the action is time barred under any measure. Stated simply, M&T Bank's cause of action accrued on February 6th, 2018 and the statute of limitations for that claim expired four years later, on February 6th, 2022. *Id.* M&T Bank filed this case on March 30th, 2022, more than a month after the expiration of the statute of limitations. Exhibit A. M&T's claim for breach of contract is time barred and should be dismissed with prejudice.

### M&T's Claim for Unjust Enrichment is also Time Barred.

In addition to its breach of contract claim M&T asserts a claim for unjust enrichment.
M&T pleads no additional facts in support of this claim, but instead merely realleges the facts
that form the basis of it breach of contract claim. Exhibit A. In New York, there is no established
statute of limitations period for an unjust enrichment claim. *Maya NY, LLC v. Hagler*, 106
A.D.3d 583 (App. Div. 1st Dep't 2013). Instead, courts look to the nature of the unjust
enrichment claim and apply the statute of limitations for the claim that forms its basis. *Id.* In
other words, claims based on a breach of contract theory will apply New York's statute of
limitations on contracts while claims sounded in tort will be subject to the statute of limitations
for torts. *Id*; *Ingrami v. Rover*, 45 A.D.3d 806, (App. Div. 2d Dep't 2007); *Moskovits v. Grigsby,*
No. 19-CV-3991 (VSB), 2020 WL 3057754, at *4 (S.D.N.Y. June 9, 2020). Here, M&T's
unjust enrichment claim is based on its breach of contract claim, so the statute of limitations
would be the same as the statute of limitations for a breach of contract. Because the statute of
limitations for breach of contract under the UCC is four years, the statute of limitations for
M&T's unjust enrichment claim is also 4 years and - like its claim for breach of contract - is time
barred. *Herba v. Chichester*, 301 A.D.2d 822 (App. Div. 3rd Dep't 2003); *See Wuhu Import &
Export Corp. v. Capstone Capital*, LLC, 39 A.D.3d 314 (App. Div. 1st Dep't 2007).

### B. M&T Also Failed to Establish A *Prima Facie* Claim for Unjust Enrichment

Under CPLR 3211(a)(7), a party can move to dismiss a claim if the pleading fails to state a
cause of action. CPLR 3211(a)(7). When reviewing motions to dismiss, Courts must "accept the
facts as alleged in the complaint as true" and accord the non-moving party with "the benefit of
every possible favorable inference." *Leon v Martinez,* 84 N.Y.2d 83, 88 (1994). The court must

"determine only whether the facts as alleged fit within any cognizable legal theory." *Id.* The court must determine only "whether the proponent of the pleading has a cause of action," not whether they have stated one. *Guggenheimer v Ginzburg,* 43 N.Y.2d 268, 275 (1977).

In order to establish a *prima facie* claim for unjust enrichment a party must establish "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandrin Trading Ltd. C. Wildenstein*, 16 N.Y. 3d 173 (2011). Unjust enrichment is available only in unusual situations when the defendant has not breached a contract or committed a recognized tort, but circumstances create an equitable obligation running from the defendant to the plaintiff. *Maya NY, LLC v. Hagler*, 106 A.D.3d 583 (App. Div. 1st Dep't 2013). A claim for unjust enrichment warrants dismissal if it does not include sufficient facts; "conclusory allegations that fail to establish that a defendant was unjustly enriched at the expense of the plaintiff warrant dismissal.*" Mandrin Trading Ltd. C. Wildenstein*, 16 N.Y. 3d 183 (2011); *see also North Salem Psychiatric Servs., P.C. v. Medco Health Solutions, Inc.*, 854 N.Y.S.2d 905 (App. Div. 2d Dep't 2008); *Vassel v. Vassel*, 336 N.Y.S.2d 887 (App. Div. 2d Dep't 1972). Additionally, an unjust enrichment claim will generally not exist when a written contract governs; "the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter." *See Eagle Comtronics, Inc. v. Pico Prods., Inc.*, 256 A.D.2d 1202, 1202 (App. Div. 4th Dept. 1998); *see also Clark-Fitzpatrick, Inc. v. Long Island Rail Road Company*, 258 A.D.2d 905 (App. Div. 4th Dept. 1999).

In this case, M&T Bank has failed to state how Ms. Luciano was enriched at their expense, and what enrichment she is currently retaining. In the Complaint, M&T Bank only makes the

conclusory allegation that "by reason of acts of the defendant, as aforesaid… defendant has been unjustly enriched to plaintiff's detriment." Exhibit A ¶ 10. The exact kind of conclusory allegation the caselaw forbids. *Mandrin Trading Ltd. C. Wildenstein*, 16 N.Y. 3d 183 (2011). M&T Bank fails to allege any specific facts that demonstrate how Ms. Luciano was enriched by the circumstances of the case. Exhibit A ¶ 9-11.

It is not surprising that M&T does not make these allegations because Ms. Luciano was not enriched; she made monthly payments of $629.34 to M&T Bank for every month that she had the car in her possession, and voluntarily surrendered the car to M&T Bank before she stopped making payments. Exhibit A; Aff. ¶ 4. Ms. Luciano was never in possession of the car or benefitting from the car during a time in which it had not been paid for. *Id.* "The essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Mandrin Trading Ltd. C. Wildenstein*, 16 N.Y. 3d 182 (2011). But here, Ms. Luciano has not retained anything, and has not been enriched at M&T's expense. Consistent with this principal, the court in *American Food & Vending Corp. v IBM* held that IBM's early termination of their vending machine contract with American Food & Vending Corp. did not lead to unjust enrichment for IBM. *American Food & Vending Corp. v. IBM,* 245 A.D.2d 1089, 1090 (App. Div. 4th Dep't 1997). The court reasoned that "because IBM did not keep the vending machines and AFV collected the money from those machines while they were operating at IBM's facilities," IBM was not retaining anything and therefore was not enriched. *Id.* Here, like in *American Food & Vending Corp.,* the defendant has retained nothing and has therefore not been unjustly enriched.

Successful claims for unjust enrichment involve unique situations where property is transferred by an act of wrongdoing, or without the effective consent of the transferor, or when a

benefit is conferred deliberately but without a contract. Black's Law Dictionary (11th ed. 2019). Here there is no act of wrongdoing or extra contractual benefit and the case is anything but unique. It is a run of the mill lawsuit for the breach of a contract on the sale of a car. None of the elements of an unjust enrichment claim are plead or present in the fact pattern and the claim should be dismissed.

## M&T's Unjust Enrichment Claim is an Improper Recasting of Its Breach of Contract Claim.

The Court of Appeals has consistently held that "the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter." *Eagle Comtronics, Inc. v. Pico Prods., Inc.*, 256 A.D.2d 1202, 1202 (App. Div. 4th Dept. 1998). A quasi contract theory such as unjust enrichment "only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment." *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Company*, 70 N.Y.2d 382, 388 (App. Div. 4th Dept. 1999). Briefly stated, "a quasi-contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved. The law creates it, regardless of the intention of the parties, to assure a just and equitable result." *Id.* at 389. However, when it is "undisputed that the relationship between the parties was defined by a written contact…. the plaintiff is limited to recovery of damages based on the contract." *Id.* While an unjust enrichment claim may be plead at the same time as a breach of contract claim, an unjust enrichment claim cannot be used as a backstop when a party cannot prove a viable contract. *See Martin H. Bauman Associates, Inc. v.*

*H & M Intern. Transport, Inc.*, 171 A.D.2d 479 (App. Div. 1st Dep't 1991)("...quantum merit is intended to avoid a party's unjust enrichment; it is certainly not a device wherein a plaintiff may enforce a purported agreement which might ultimately be found not to be viable."); *Glinskaya v. Zelman*, 128 A.D.3d 7719 (App. Div. 2nd Dep't 2015). Similarly, an unjust enrichment claim that is indistinguishable from a breach of contract claim cannot be maintained. *Benham v. eCommission Solutions, LLC*, 118 A.D.3d 605 (App. Div. 1st Dep't 2014) (an unjust enrichment claim that is duplicative of a contract claim must be dismissed).

Here, M&T and Ms. Luciano's relationship was governed by a written contract. Exhibit E. The factual underpinnings of M&T's unjust enrichment claim mirrors and is indistinguishable from their breach of contract claim. Exhibit E. They allege the exact same allegations as in their breach of contract claim, and do not include any unique facts pertaining to their unjust enrichment claim. Exhibit E. Because a written contract governs the subject matter of the unjust enrichment claim, a solution based in quasi contract is inapplicable and M&T's unjust enrichment claim should be dismissed with prejudice per CPLR 3211(a)(7).

## CONCLUSION

Statutes of limitations are enacted to protect defendants from unfair litigation. Over time, evidence is lost and the memories of those involved fade. In this case, the UCC as well as existing caselaw make it clear that the statute of limitations on a retail installment contract for the sale of a vehicle is four years. M&T Bank failed to take advantage of the substantial time they had to file this lawsuit and are now attempting to subvert the law and the defendant's rights by bringing a claim that is out of statute.

At the same time, M&T's unjust enrichment claim attempts to apply a legal remedy that is inappropriate for the circumstances and is not supported by any specific facts alleging

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 25 of 72 PageID #: 80

enrichment. The Defendant has already voluntarily surrendered the car and has paid for every month she drove it. The Plaintiff had every opportunity to litigate this case within the statute of limitations but chose not to. Ms. Luciano should not now be punished and denied her rights to a timely action because of M&T Bank's mistakes.

Taking all the allegations in the complaint as true, Defendant has established that for the reasons set forth above, this Court should dismiss Plaintiff's first cause of action as untimely under CPLR § 3211(a)(5) and should dismiss Plaintiff's second cause of action for failure to state a claim under CPLR 3211(a)(7).

Dated: Brooklyn, New York
July 27, 2022

By: Matthew Schedler Esq., Of Counsel
CAMBA Legal Services, Inc.
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue
Brooklyn, NY 11226
(718)-940-6311, ext 79284
*Attorneys for the Defendant*

TO: Rupp Baase Pfalzgraf Cunningham LLC
Kyle C. DiDone, Esq.
1600 Liberty Building
Buffalo, New York 14202
(716) 854-3400
*Attorneys for Plaintiff*

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 26 of 72 PageID #: 81

.

**Certification of word count**

I hereby certify that the word count of this memorandum of law complies with the word

limits of 22 New York Codes, Rules and Regulations § 202.8-b(a). According to the word-

processing system used to prepare this memorandum of law, the total word count for all printed

text exclusive of the material omitted under 22 N.Y.C.R.R. § 202.8-b(b) is 3,769 words

Dated:   June 27, 2022
         Brooklyn, New York

By: Matthew Schedler Esq., Of Counsel
CAMBA Legal Services, Inc.
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue
Brooklyn, NY 11226
(718)-940-6311, ext 79284
*Attorneys for the Defendant*

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 27 of 72 PageID #: 82

# EXHIBIT A

Case 1:23-cv-02233-EK-RML Document 1-5 Filed 03/22/23 Page 28 of 72 PageID #: 83

STATE OF NEW YORK
SUPREME COURT : COUNTY OF QUEENS

———————————————————

Index No.:

M&T BANK
475 Crosspoint Parkway
Getzville, New York 14068,

                                       Plaintiff,

       vs.

BLANCA LUCIANO
A/K/A BLANCA I. LUCIANO
95 04 97th Street, Apt. 2nd Floor
Ozone Park, New York 11416,

9309 103rd Avenue, Apt. 2
Ozone Park, New York 11417,

                                      Defendant.

———————————————————

CONSUMER CREDIT
TRANSACTION
(NON-CREDIT CARD)

## SUMMONS

**TO DEFENDANT:**

     **YOU ARE SUMMONED** to appear in this action by serving your answer to the complaint on the plaintiff's attorney within the time limits stated below.

     Queens County is designated as the county where this action will be tried, because one or more of the parties to this action resides in that county.

     **TIME LIMITS TO ANSWER:**

(1)     If this summons is served by delivery to you personally within New York State, you must answer the complaint within TWENTY (20) days after such delivery.

(2)     If this summons is not served by delivery to you personally within New York State, and not served pursuant to CPLR 312-a, you must answer the complaint within THIRTY (30) days after service is complete.

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 29 of 72 PageID #: 84

(3)    If this summons is served pursuant to CPLR 312-a, see accompanying STATEMENT OF SERVICE BY MAIL for time limits to answer.

**IF YOU FAIL TO ANSWER THE COMPLAINT** within the time stated, judgment will be entered against you for the relief demanded in the complaint.

Dated:     March 22, 2022
           Buffalo, New York

RUPP BAASE PFALZGRAF CUNNINGHAM LLC
Attorneys for Plaintiff
M&T Bank

By: _____
         Kyle C. DiDone, Esq.
1600 Liberty Building
Buffalo, New York 14202
(716) 854-3400

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 30 of 72 PageID #: 85

STATE OF NEW YORK
SUPREME COURT : COUNTY OF QUEENS

_____

M&T BANK,                                        Index No.:

                              Plaintiff,

        vs.

BLANCA LUCIANO
A/K/A BLANCA I. LUCIANO,

                              Defendant.

_____

## VERIFIED COMPLAINT

        Plaintiff, M&T Bank, by its attorneys, Rupp Baase Pfalzgraf Cunningham LLC, as

and for its verified complaint against the defendant alleges as follows:


        1.      At all times hereinafter mentioned, plaintiff, M&T Bank ("plaintiff"),

was and is a New York banking corporation with a principal place of business located at

475 Crosspoint Parkway, Getzville, New York.


        2.      Upon information and belief, at all times hereinafter mentioned,

defendant Blanca Luciano ("defendant") was and is an individual residing at 95 04 97th Street,

Apt. 2nd Floor, Ozone Park, New York or 9309 103rd Avenue, Apt. 2, Ozone Park, New York.

Case 1:23-cv-02233-EK-RML Document 1-5 Filed 03/22/23 Page 31 of 72 PageID #: 86

## FACTUAL BACKGROUND

3.　　On or about August 22, 2015, defendant executed a certain Retail Instalment Contract ("Contract"), pursuant to which plaintiff agreed to lend the defendant $42,163.02, and defendant agreed to repay that amount in accordance with the terms of the Contract. A copy of the Contract is attached as Exhibit A.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

4.　　Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 3 of this complaint.

5.　　Defendant has breached the terms of the Contract by, among other things, failing and/or refusing to make payments in accordance with its terms.

6.　　Defendant failed to pay her February 28, 2018 monthly installment payment and all subsequent payments.

7.　　There is now due and owing the principal amount of $15,201.78 from defendant to plaintiff with respect to the Contract.

8.　　By reason of defendant's breach of the Contract, plaintiff has been damaged, as of March 22, 2022, in the total amount of $16,922.12, which consists of $15,201.78

Case 1:23-cv-02233-EK-RML Document 1-5 Filed 03/22/23 Page 32 of 72 PageID #: 87

principal, $1,082.42 interest, $637.92 late fees, and $0.00 miscellaneous fees, along with all costs, disbursements, and attorneys' fees.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

9.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 8 of this complaint.

10.   By reason of the acts of the defendant, as aforesaid, and without any wrongdoing on the part of the plaintiff, defendant has been unjustly enriched to plaintiff's detriment.

11.   By reason of the foregoing, plaintiff has been damaged in the principal amount of $15,201.78.

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 33 of 72 PageID #: 88

**WHEREFORE,** plaintiff M&T Bank demands judgment as follows:

(1)     On its first cause of action, as against defendant, Blanca  Luciano a/k/a Blanca I. Luciano in the total amount of $16,922.12, plus accrued interest, late charges, costs, disbursements and attorneys' fees;

(2)     On its second cause of action, as against defendant, Blanca Luciano a/k/a Blanca I. Luciano in the principal amount of $15,201.78, together with interest thereon;

(3)     The costs and disbursements of this action, together with any other or further relief as the Court may deem just and proper.

Dated:          March 22, 2022
                Buffalo, New York


                                        RUPP BAASE PFALZGRAF CUNNINGHAM LLC
                                        Attorneys for Plaintiff
                                        M&T Bank



                                        By: _____
                                                Kyle C. DiDone, Esq.
                                        1600 Liberty Building
                                        Buffalo, New York  14202
                                        (716) 854-3400

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 34 of 72 PageID #: 89

## VERIFICATION

STATE OF NEW YORK    )
                               : ss.:
COUNTY OF ERIE       )

_Jason Davis_____, being duly sworn, deposes and says that he/she

is a/an _Vice President_____ of M&T Bank, the corporation named in the within entitled

action; that he/she has read the foregoing Summons and Verified Complaint and knows the

contents thereof; and that the same is true to his/her own knowledge, except as to those matters

therein stated to be alleged upon information and belief, and as to those matters he/she believes

them to be true.

        Deponent further says that the reason this verification is made by deponent and

not by M&T Bank is because M&T Bank is a corporation and the grounds of deponent's belief

as to all matters in the Summons and Verified Complaint not stated upon his/her own knowledge,

are investigations which deponent has caused to be made concerning the subject matter of this

Summons and Verified Complaint and information acquired by deponent in the course of his/her

duties as an officer of said corporation and from the books and papers of said corporation.

_____

        On this _25th_ day of _March_____, 20_22_ before me personally came

_____/ who, being duly sworn, deposed and said that he/she is

a/an _Vice President_____ of M&T Bank and that he/she has read the foregoing Verified

Complaint, that he/she knows the contents thereof and that he/she has affixed his/her name with

all requisite authority on behalf of M&T Bank.

_____
Notary Public

ANGELA MARIE BERNINGER
NOTARY PUBLIC STATE OF NEW YORK
ERIE
LIC. #01BE6376033
COMM. EXP. 06/04/2022

INDEX NO. 706898/2022
Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 35 of 72 PageID #: 90
RECEIVED NYSCEF: 07/27/2022

# EXHIBIT B

FILED: QUEENS COUNTY CLERK 06/22/2022 05:03 PM     INDEX NO. 706898/2022

NYSCEF DOC. NO. 12     Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 36 of 72 PageID #: 91     RECEIVED NYSCEF: 06/22/2022

**Instructions: FILL IN THE NAMES OF THE PARTIES AND THE INDEX NUMBER. COMPLETE THE BLANK SPACES NEXT TO THE INSTRUCTIONS PRINTED IN BOLD TYPE. PRINT AND USE BLACK INK ONLY. SIGN YOUR NAME IN THE PRESENCE OF A NOTARY PUBLIC.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------x

M&T Bank,

Index No. 706898 / 2022

Plaintiff,

ANSWER

- against -

FILED
JUN 22 2022
COUNTY CLERK
QUEENS COUNTY

Blanca Luciano / Blanca I. Luciano     Defendant.

------------------------------------------------------------x

As and for his/her answer to the complaint herein, the defendant _____

_Blanca Luciano_____ respectfully shows and alleges as follows:

__. Admits the truth of the allegations of Paragraph(s) _____

_____ of the complaint.

✓ Denies knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph(s) _____

_ of the complaint.

✓ Denies the allegations of Paragraph(s) _1 - 3_____

_____ of the complaint.

✓ _Paragraphs 4 - 11_____
    _Paragraphs 1 - 3_____

_____

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 37 of 72 PageID #: 92

AFFIRMATIVE DEFENSES

This statement is in reponse to your claim in regard the
debt mention above. please be aware that this is not a
acknoloedgment or acceptance of the debt. I have not
Received any verification or any Invoice in the passed y.

2

COUNTERCLAIMS

years of any debt.

The car was given back to the bank voluntary, the bank was notify that at that point of me returning the car I could no longer meet the terms of my loan agreement. My bank never send me a letter or any invoice stateing that I owe any outstanding balance.
at this point I cannot afford to pay the amount of the balance they say I owe.

WHEREFORE, defendant prays that this Court dismiss the complaint of the plaintiff herein, with costs and disbursements to defendant, together with such other relief the Court finds to be just and proper.

Dated: 06/22/22

Blanca Luciano
Signature

Blanca Luciano
Print Name

9309 103rd Ave

Ozone Park NY 11417

718-705-2091
Defendant's Address and
Telephone Number

3

<u>VERIFICATION</u>

___Bianca Luciano_____, being duly sworn, deposes and says:

I am the defendant. I have read the foregoing answer and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true. To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator (22 NYCRR).

_____  06/22/22
Sign Name

___Bianca Luciano_____
Print Name

Sworn to before me this

22nd day of June, 2022

_____
Notary Public

ANNA LISA S. ENRIQUEZ
Notary Public - State of New York
No. 04EN6405207
Qualified in Queens County
Commission Expires March 2, 2024

4

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 40 of 72 PageID #: 95

# EXHIBIT C

FILED: QUEENS COUNTY CLERK 06/22/2022 01:53 PM   INDEX NO. 706898/2022

NYSCEF DOC. NO. 13   Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 41 of 72 PageID #: 96   RECEIVED NYSCEF: 06/22/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| **Plaintiff / Petitioner:** | **AFFIDAVIT OF SERVICE** |
| M&T BANK | Index No: |
| **Defendant / Respondent:** | 706898/2022 |
| BLANCA LUCIANO A/K/A BLANCA I. LUCIANO | Date Filed: March 30, 2022 |

STATE OF NEW YORK )
)SS:
COUNTY OF NASSAU )

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides in New York State. That on Mon, Jun 13 2022 AT 07:59 PM AT 93-09 103RD AVENUE APT. 2, OZONE PARK, NY 11417 deponent served the within NOTICE OF ELECTRONIC FILING (MANDATORY CASE), SUMMONS and VERIFIED COMPLAINT bearing INDEX# 706898/2022 and a date of filing of March 30, 2022 upon BLANCA LUCIANO A/K/A BLANCA I. LUCIANO defendant therein named.

[X] **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

[ ] **Corporation:** a defendant, therein named, by delivering a true copy of each to _____ personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at
_____

[ ] **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, _____, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on _____.

[X] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 30-35   Skin Color: Hispanic   Gender: Female   Weight: 161-200
Height: 5'4"   Hair: Black   Eyes: Black   Relationship: _____
Other   Hair=Black with blonde streaks

Sworn to before me on   6-13-22

Monica Dopwell
1240610

Notary Public

GINA MARIE EANNUCCI
Notary Public - State of New York
NO. 01EA5075334
Qualified in Nassau County
My Commission Expires Mar 31, 2023

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 42 of 72 PageID #: 97

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------ X
                                       :

M&T BANK
                                       :

                    Plaintiff,     :

             – against –         :

BLANCA LUCIANO
                                         :

                Defendant(s).   :
------------------------------------------------------------------ X

Index No.:
706898/2022

**AMENDED
ANSWER**

    PLEASE TAKE NOTICE that Defendant Blanca Luciano ("Ms. Luciano"), by her attorney, Matthew Schedler, Esq., Of Counsel to Elizabeth Miller, Esq., CAMBA Legal Services Inc., hereby appears in this proceeding and interposes the following Amended Answer to the Complaint:

1. The Defendant lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1 of the Complaint.

2. The Defendant admits she is a current resident of Queens County.

3. The Defendant denies the allegations in paragraph 3 of the Complaint.

4. The Defendant denies the allegations in paragraph 4 of the Complaint.

5. The Defendant admits the allegations in paragraph 5 of the Complaint.

6. The Defendant admits the allegations in paragraph 6 of the Complaint.

7. The Defendant denies the allegations in paragraph 7 of the Complaint.

8. The Defendant denies the allegations in paragraph 8 of the Complaint.

9. The Defendant denies the allegations in paragraph 9 of the Complaint.

10. The Defendant denies the allegations in paragraph 10 of the Complaint.

11. The Defendant denies the allegations in paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

### Background and the Terms of the Sale

12. On or about August 22, 2015, the Defendant ("Ms. Luciano") executed a
    Retail Installment Contract (the "Contract") to purchase a 2016 Hyundai
    Santa Fe (the "Vehicle"), from Star Hyundai, LLC ("Star Hyundai") for a
    total price of $54,634.72. The Contract attached to the Complaint is not
    legible, but to the best of our knowledge the cash price of the Vehicle was
    $38,866.52 to which a $1,750.00 down payment was credited. The total
    amount financed, which included a $3,999.00 add-on titled "Term Care
    Select," was $42,183.02. Ms. Luciano agreed to pay by making 84
    monthly payments of $629.34 beginning on October 6th, 2015.  The
    finance charge for paying over time was $10,721.70.

13. At the time the Contract was executed, Ms. Luciano traded in her 2012
    Hyundai Santa Fe ("2012 Santa Fe"). The Contract assigned a
    $21,251.15 trade-in value to the 2012 Santa Fe. Per the Contract, this
    amount was equal to the remaining balance owed for the 2012 Santa Fe.

14. Upon information and belief, the trade in value was not equal to the
    balance owed on the 2012 Santa Fe. Upon information and belief, the
    2012 Santa Fe had negative equity, meaning more was owed on the car
    than it was worth.  Upon information and belief, the car dealer, Star

Hyundai, LLC, inflated the value of trade in to make the sale more appealing to Ms. Luciano and potential finance companies. Upon information and belief, Star Hyundai, made up the lost profit by increasing the cost of the car or by including illusory add-ons.

15. Star Hyundai immediately assigned the Contract to the Plaintiff ("M&T Bank").

16. The FTC's Rule on Preservation of Consumer's Claims and Defenses ("FTC Holder Rule"), 16 C.F.R. Part 433.2, requires that every consumer contract contain a clause subjecting holders of the contract to all the claims and defenses that the consumer has against the seller. This holder in due course language states:

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

17. The contract attached as Exhibit A to the Plaintiff's complaint does not contain this language but also does not include the reverse side of the contract, where additional terms and conditions are contained. Upon information and belief, the holder rule language is on the reverse side of the contract.

18. The Contract is for a vehicle Ms. Luciano used primarily for personal, family, and household purposes, and is therefore a consumer contract.

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 46 of 72 PageID #: 101

16 C.F.R Part 433.1. Because M&T Bank is the current holder of Ms. Luciano's Contract, Ms. Luciano can assert any claims or defenses against M&T Bank that she could have asserted against Star Hyundai.

### Repossession and Sale of the 2016 Santa Fe

19. In 2018, Ms. Luciano's work hours were cut, leaving her unable to continue making payments on the Vehicle. In order to avoid defaulting on the Vehicle, Ms. Luciano contacted M&T Bank and informed them of her financial situation. Ms. Luciano was told to voluntarily surrender the Vehicle, which she proceeded to do. After voluntarily surrendering the Vehicle, M&T told Ms. Luciano that that she no longer owed money on the Vehicle.

20. After this exchange with M&T Bank, Ms. Luciano ceased making her monthly installment payments.  Ms. Luciano defaulted on February 6th of 2018 when she missed that month's payment.

21. After voluntarily surrendering the car in 2018, the Defendant did not receive any communications regarding the Contract or the Vehicle, including any notices required under N.Y. Pers. Prop Law § 316, N.Y. Gen. Oblig. Law § 7-401, N.Y. U.C.C. § 9-611, or N.Y. U.C.C. § 9-616.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

22. The Defendant does not owe this debt.

Case 1:23-cv-02233-EK-RML Document 1-5 Filed 03/22/23 Page 47 of 72 PageID #: 102

### Second Affirmative Defense

23. Plaintiff's action is barred by the relevant statute of limitations.

### Third Affirmative Defense

24. Plaintiff fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

25. Plaintiff lacks standing to bring this suit.

### Fifth Affirmative Defense

26. The Plaintiff did not dispose of the collateral in a commercially reasonable manner in violation of N.Y. U.C.C. § 9-610.

### Sixth Affirmative Defense

*[Deceptive Acts and Practices]*
N.Y. Gen. Bus. Law § 349

27. The facts set forth in the paragraphs above are repeated and realleged.

28. By falsely representing that the 2012 Santa Fe's trade-in value was equal to the amount still owed on its financing contract, Star Hyundai deceived the Defendant into believing that there was no negative equity on her 2012 Santa Fe. In actuality, the cost of the 2012 Santa Fe's negative equity was hidden in the Contract via the inflated cost of the 2016 Santa Fe and in illusory add-ons. This made the sale of the 2016 Santa Fe appear more appealing to the Defendant than it was.

29. Automobile sales and financing are heavily regulated on both the State and Federal levels because of a history of deceptive practices aimed at

luring consumers into unaffordable loans. The Dealer, Star Hyundai, is

in the business of selling automobiles to similarly situated customers.

Accordingly, its use of unlawful practices has a broad impact on

consumers at large.

30. Plaintiff is liable for the Dealer's conduct under the final paragraph of

16 C.F.R. § 433.2 ("the FTC Holder Rule"). This rule requires that the

following language is included in all consumer contracts:

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS
SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR
COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES
OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS
HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT
EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

31. M&T only attaches the front page of their contract to the complaint,

eliminating all the terms and information included on the back of the

contract. Upon information and belief, the back of the contract contains

the required holder in due course language.

32. As a direct and proximate result of the Dealer's acts, omissions,

misrepresentations and concealments, Defendant has suffered past,

present, and future damages, including damages caused by Star

Hyundai's misrepresentation of the 2012 Santa Fe's negative equity. By

deceiving Ms. Luciano into believing that her trade in vehicle did not

have negative equity, Star Hyundai deprived Ms. Luciano of the

opportunity to make an educated choice regarding the purchase of the

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 49 of 72 PageID #: 104

2016 Santa Fe. Had Ms. Luciano known that she had negative equity on her previous vehicle, and that the purchase price of the new Vehicle was higher because of that negative equity, she may have chosen to not purchase the new Vehicle.

### Eighth Affirmative Defense

33. Plaintiff is barred from recovery herein by the doctrine of unclean hands.

### Ninth Affirmative Defense

34. Plaintiff failed to mitigate damages.

### Tenth Affirmative Defense

35. The Defendant disputes the amount of the debt.

### Eleventh Affirmative Defense

36. Plaintiff is barred from recovery herein by the defense of unconscionability.

### Twelfth Affirmative Defense

37. Plaintiff has breached its duty of good faith and fair dealing.

### Thirteenth Affirmative Defense

38. The contract may be rescinded due to misrepresentation.

### Fourteenth Affirmative Defense

[*Failure to Issue Notice of Redemption Rights*]
N.Y. Pers. Prop. Law § 316 and N.Y. Gen. Oblig. Law § 7-401

39. The facts set forth in the paragraphs above are repeated and realleged.

40. By failing to provide to Defendant a notice of redemption rights, Plaintiff

violated N.Y. Pers. Prop. Law § 316 and N.Y. Gen. Oblig. Law § 7-401.

### Fifteenth Affirmative Defense
*[Failure to Issue Notice before Disposition of Collateral]*
N.Y. U.C.C. § 9-611

41. The facts set forth in the paragraphs above are repeated and realleged.

42. By failing to provide Ms. Luciano a notice before disposition of the 2016

Santa Fe Plaintiff violated N.Y. U.C.C. § 9-611.

### Sixteenth Affirmative Defense
*[Failure to Issue Notice of Deficiency]*
N.Y. U.C.C. § 9-616

43. The facts set forth in the paragraphs above are repeated and realleged.

44. By failing to provide to Defendant a notice of deficiency, Plaintiff

violated the N.Y. U.C.C. § 9-616.


### Prayer for Relief

**WHEREFORE**, Ms. Luciano respectfully asks that this Court enter a judgment

   A. Dismissing the Complaint in its entirety and with prejudice as against costs

     and disbursements incurred by the Defendant incurred in this action;

   B. Awarding actual and statutory damages, along with reasonable attorney's

     fees and costs;

   C. Awarding such other and further relief as the Court deems proper.

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 51 of 72 PageID #: 106

Dated: July 6, 2022
      Brooklyn, New York

By: Matthew Schedler, Esq., Of Counsel
     CAMBA Legal Services, Inc.
     Elizabeth Miller, Esq., General Counsel
     20 Snyder Avenue, 2nd Floor
     Brooklyn, NY 11226
     (718) 940·6311 ext. 79284
     *Attorneys for the Defendant*

## VERIFICATION

State of New York )
           ) ss.:
County of Kings  )

The undersigned, an Attorney duly admitted to practice law in the State of New
York, affirms pursuant to NY CPLR 3020 (d) (3) the following statements to be true
under the penalties of perjury: That I am the Attorney of record for Defendant; That
I have read and know the contents of the foregoing Answer; That same is true to the
knowledge of the affirmant except as to those matters therein stated to be alleged
upon information and belief and as to those matters I believe to be true. The reason
this verification is made by the affirmant and not the Defendant is because the
Defendant does not reside in the county where I maintain an office for the practice
of law.

By: Matthew Schedler, Esq., Of Counsel
Elizabeth Miller, Esq., General Director
CAMBA Legal Services, Inc.
20 Snyder Avenue
Brooklyn, NY 11226
(718) 940·6311
*Attorneys for the Defendant*

Dated: July 6, 2022
Brooklyn, New York

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 52 of 72 PageID #: 107

# EXHIBIT E

**M&T Bank**    RETAIL INSTALMENT CONTRACT (MOTOR VEHICLE - NY)

MPLE INTEREST
led   *AUGUST 22nd., 2015*    Account #

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all scheduled payments. | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ __1750.00__ |
|---|---|---|---|---|
| 6.59 % | $ 10721.70 | $ 42163.02 | $ 52864.72 | $ 54634.72 |

Your Payment Schedule will be:
| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 84 | $ 629.76 | Monthly, beginning  10/06/2015 |
| | $ N/A | |
| | $ | N/A |

Filing Fees: $ ____N/A____

See below and any other Contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

Security: You are giving a security interest in the Vehicle being purchased.
Late Charge: If a payment is more than 10 days late, you will be charged 15% of the full payment amount.
Prepayment: If you pay off early, you will not have to pay a penalty.

this Contract,    This Contract is between Seller and Buyer.
a are   **STAR HYUNDAI, LLC**    All disclosures have been made by Seller.
re SELLER:  201-16 NORTHERN BLVD BAYSIDE NY 11361    Seller intends to assign this Contract to the Assignee.
        Name        Address        Zip Code

are    Cash Price, Downpayment and Trade-In
Is BUYERS:  BLANCA I LUCIANO 95-04 97TH ST 2FL OZONE PARK NY 11416    Cash Price
        Name(s)        Address(es)        Zip Code(s)    (including accessories, services and taxes)
there is more than one Buyer, each promises, separately and together, to pay all sums due us and to perform all agreements in this Contract.    $ 50086.92
EHICLE: You have agreed to purchase, under the terms of this Contract, the following motor vehicle and its extra equipment, which is called    Cash Downpayment
le "Vehicle" in this Contract.    $ 1750.00

| /o/D | Year and Make | Model | Body Style | No. of | Truck Ton | Vehicle Identification No. |
|---|---|---|---|---|---|---|
| N | 2015 HYUNDAI SANTAF | SUBN | | 4 | 3616 | 5XYZUDLBXGG324528 |

RADE-IN:                                                                                  Lien Payoff
ou have traded in                                                                        Lien Payoff to:  **C.G. Chrcd Brgs**
e following vehicle:   2012 HYUNDAI SANTA FE
        Year and Make        Model

' a balance is still owing on the Vehicle you traded in, we will pay it off, but you may still owe us on this account. We warrant and represent to us    Itemization of Amount Financed
hat any trade-in is free from liens, claims, encumbrances or security interests, except as shown in the "Cash Price, Downpayment and Trade-    Unpaid Cash Price Balance
n" section as the amount of the "Lien Payoff".    $ __37136.92__

**ROPERTY INSURANCE:** You are required to obtain and maintain insurance on the Vehicle, endorsed to protect us as loss-payee, BUT YOU    Amounts Paid to Others on Your Behalf*
MAY CHOOSE THE AGENT OR BROKER OF YOUR CHOICE. IF YOU FINANCE THE PROPERTY INSURANCE PREMIUM, COMPLETE THE    License, Tags and Registration
OLLOWING:    $ __90.00__
ITLE HOLDER OF COLLATERAL:  **BLANCA I LUCIANO**    To Credit Insurance Company
HYSICAL DAMAGE: Comprehensive $ ____500.00____ deductible.  Collision $ ____500.00____ deduc.Pdbl.    $ __N/A__
NSURANCE COMPANY  **COUNTRY-WIDE**    REGISTRANT  **BLANCA I LUCIANO**    To Credit Insurance Company
ffective Date:   *09/22/2015*    Initial Term:  ____N/A____    $ __N/A__
GENT: Name,        Address :        To VSI Insurance Company**
                $ __90.00__
'ou guarantee that the required insurance coverage as shown in the "Your Promises About Insurance" section was obtained from the agent    To Property Insurance Company
named above. If you do not purchase insurance in this Contract, then liability insurance coverage for bodily injury and property damage    $ __N/A__
s not included or provided for in this Contract.    To _SU GAP_ INS/INSP FEE
'ENDOR'S SINGLE INTEREST INSURANCE: If this box is checked, we require Vendor's Single Interest Insurance. You may choose the person    $ __10.00__
hrough whom Vendor's Single Interest Insurance is to be obtained. This Insurance is for the sole protection of the Assignee and your interest    To _SU GAP_ NY/TIRE FEE
s not covered. If obtained through us, the cost of such insurance is shown in the "Itemization of Amount Financed" in the box labeled "To VSI    $ __12.50__
nsurance Company**".    To TERM CARE SELECT.
                $ __3099.00__
**REDIT INSURANCE IS NOT REQUIRED:** Credit Life Insurance, Credit Disability Insurance and Credit Involuntary Unemployment Insurance    To
re not required to obtain credit and will not be provided unless you sign below and agree to pay the additional cost. Your insurance    $ __N/A__
ertificate or policy will tell you the MAXIMUM amount of insurance available. All insurance purchased will be for the term required.

By signing, you select Single Credit Life    What is your    By signing, you select Single Credit Disability    What is your    Other Amounts Financed
Insurance, which costs $   N/A     age?____Yrs.    Insurance, which costs $   N/A     age?____Yrs.    To Seller for GAP Coverage
                                                    $ __100.00__
Signature of Buyer to be insured for Single    Signature of Buyer to be insured for Single    For DOCUMENTATION FEE
Credit Life Insurance    Credit Disability Insurance    $ __75.00__
Insurer:_____ Term: __N/A__    Insurer:_____ Term: __N/A__    For  MAINTENANCE
                                                    $ __650.00__
By signing, you both select Joint Credit Life    What are your    By signing, you both select Joint Credit Disability    What are Percent-    Amount Financed
Insurance, which costs $   N/A     ages?    Insurance, which costs $   N/A     your    insured    $ __42163.02__
1. X _____       ____ Yrs.    1. X _____       age?_____Yrs.    * We may be retaining a portion of these amounts.
2. X _____       ____ Yrs.    2. X _____       _____Yrs.
Signatures of both Buyers to be insured for    Signatures of both Buyers to be insured for
Joint Credit Life Insurance    Joint Credit Disability Insurance
Insurer:_____    Insurer:_____ N/A

By signing, you select Single Credit    What is your    By signing, you select Joint Credit
Involuntary Unemployment    age?____Yrs.    Involuntary Unemployment    What are Percent-
Insurance, which costs $   N/A          Insurance, which costs $   N/A     your    insured
                                                age?_____ N/A
Signature of Buyer to be insured for Single Credit    Signatures of both Buyers to be insured for
Involuntary Unemployment Insurance    Joint Credit Involuntary Unemployment Insurance
Insurer:_____ N/A    Insurer:_____ N/A

DEBT CANCELLATION COVERAGE IS NOT REQUIRED: Debt Cancellation Coverage provides for the cancellation of your liability for amounts you owe under this Contract in excess of a value of the Vehicle in the event of a total loss of the Vehicle. This is sometimes called "GAP" coverage. GAP coverage is not required to obtain credit and will not be provided unless it is offered and you sign a GAP Notice requesting GAP coverage, which means you want GAP coverage and agree to pay the additional cost disclosed in the "Itemization of Amount Financed".
ASSIGNEE: We intend to assign this Contract and Security Agreement to the Assignee shown in this provision. If the Assignee assigns the Contract to a subsequent assignee, the term also refers to such subsequent assignee. After the assignment, all rights and obligations of the Seller in this Contract and in the Security Agreement shall belong to and be enforceable by the Assignee. The Assignee's name and address are:

**M&T BANK**
Installment Loan Operations, One Fountain Plaza, P.O. Box 767
Buffalo, New York 14240

CO-SIGNER: Any person signing this Contract as a Co-Signer below promises separately and together with all Co-Signer(s) and Buyer(s), to pay all sums due and to perform all agreements in this Contract. Co-Signer will not be an Owner of the Vehicle.
CO-OWNER: Any person signing the Co-Owner's Security Agreement below gives us a security interest in the Vehicle and agrees separately and together with all Co-Owners and Buyer(s), to perform all agreements in the Security Agreement and is an Owner of this Contract except the "Promise to Pay" section.
TERMS: The terms shown in the boxes above are part of this Contract.
PROMISE TO PAY: You agree to pay us the Total Sale Price or the Vehicle to us. You promise to pay to the order of the Seller the Amount Financed plus the credit
making the Total Down Payment, and paying us the Amount Financed plus the Annual Percentage Rate shown
above. You promise to make payments in accordance with the Payment Schedule. You
promise to make payments at or before the time they are due. Each month is equal to the first payment
due date. You agree to pay all other amounts which have become due under the terms of
this Contract. You agree to make payments at the place or to send payments to the
address which the Assignee directs. You agree to make payments in each month at the first payment
The Annual Percentage Rate may be negotiable and the Seller may assign this contract and retain its right to
receive a part of the Finance Charge.

NOTICE TO THE BUYER: 1. Do not sign this Contract before you read it or if it contains any blank space. 2. You are entitled to a completely filled-in copy of this Contract. 3. Under the law, you have the right to pay off in advance the full amount due. If you do so, you may, depending on the nature of the credit service charge, either (a) prepay without penalty, or (b) under some circumstances obtain a rebate of the credit service charge. 4. According to law you have the privilege of purchasing the insurance on the motor vehicle provided for in this Contract from an agent or broker of your own selection.

By signing below, we agree to sell the Vehicle to you under the terms of this Contract.    You hereby acknowledge receipt of a copy of this Contract.
SELLER X ____STAR HYUNDAI, LLC____    08/22/2015    RETAIL BUYER'S ACKNOWLEDGEMENT
BY _____    BUYER X __Blanca I Luciano__    08/22/2015
        (SEAL)    Date    BUYER X _____ (SEAL)    Date

**CO-SIGNER NOTICE**
You agree to pay the debt identified above, although you may not personally receive any property, services or money. You may be sued for payment, although the person who receives the property, services or money is capable of paying the debt. You should know that the Total of Payments listed above does not include Finance Charges assessed resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that are stated in the Contract. You will also have to pay some or all of these costs and charges as required by the terms of the Contract. This notice is not the writing that obligates you to pay the debt. You have read the Retail Installment Contract, which contains the exact terms of your obligation, and the Co-Signer(s) Notice.
You have been given a completed copy of this Notice and each writing that obligates you or the Buyer on this Contract.

Signature of Co-Signer _____    Date _____    Signature of Co-Signer _____    Date _____

CO-SIGNER, YOU SHOULD READ THE NOTICE TO CO-SIGNER ABOVE, BEFORE SIGNING THE CO-SIGNER'S AGREEMENT.
CO-SIGNER'S AGREEMENT: You, the person (or persons) signing below as "Co-Signer", promise to pay to us all sums due on this Contract and to perform all agreements in this Contract. You intend to be legally bound by the terms of this Contract, separately and together, with the Buyer. You are making this promise to induce us to make this Contract with the Buyer, even though we will use the proceeds only for the Buyer's benefit. You agree to pay even though we may not have made any prior demand for payment on the Buyer or exercised our security interest. You also acknowledge receiving a completed copy of this Contract.

X _____ (SEAL)    Address _____    Date _____
Co-Signer's Signature
X _____ (SEAL)    Address _____    Date _____
Co-Signer's Signature

CO-OWNER'S SECURITY AGREEMENT: You, the person signing below as "Co-Owner", together with the Buyer(s) being all of the Owners of the Vehicle, give us a security interest in the Vehicle identified above. You agree to be bound by the terms of this Security Agreement and all other parts of this Contract except the "Promise to Pay" section. You are giving us the security interest to induce us to make this Contract with the Buyer, and to secure the payment by the Buyer of all sums due on this Contract. You will not be responsible for any deficiency which might be due after repossession and sale of the Vehicle.

X _____    Address _____    Date _____
Co-Owner's Signature

The Seller agrees to be bound by all provisions of this Contract. Also, for value received and intending to be legally bound hereby, the Seller (i) assigns this Contract to the Assignee pursuant to and subject to all terms and conditions of the dealer agreement currently in effect between Seller and Assignee and (ii) makes, with respect to this Contract, all warranties and representations set forth in such dealer agreement. Whether or not the Seller signs this Assignment. If box checked the Contract is assigned to the Assignee (as that term is deemed to be "without recourse", pursuant to the dealer agreement, with recourse as to the date of first Contract. For purposes of this Assignment, Seller hereby appoints Assignee as its attorney-in-fact to supply any missing information.
_____ LLC
Date _____    Name of Seller _____    Signature and Title of Person signing for Seller

**No Cooling Off Period**
State law does not provide for a "cooling off" or other cancellation period for this Contract. Therefore, you cannot later cancel this Contract simply because you change your mind or wish you had acquired a different item. After you sign above, you may cancel this Contract for legally valid reasons.

Form NR-RSMVLF-NY (N)(2/2)NR-RSMVLF-NY (R/REASS) 01 4 2 / 2004    NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION    Interest State _____%
© 2004 Wolters Kluwer Financial Services - BANGO    ORIGINAL - Which; BUYER'S COPY - Canary - CO-SIGNER'S COPY - Pink • SELLER'S COPY - Goldenrod    (For Internal Use Only)

TRUE COPY- UCC NON-AUTHORITATIVE COPY

**FILED: QUEENS COUNTY CLERK 07/27/2022 05:43 PM** INDEX NO. 706898/2022

NYSCEF DOC. NO. 15    Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 54 of 72 PageID #: 109    RECEIVED NYSCEF: 07/27/2022

ance, which costs $_____    insurance, which costs $_____    N/A    your
ages?    age to be insured    N/A

nture of Buyer to be insured for Single Credit    1. X _____    N/A %
untary Unemployment Insurance    2. X _____    N/A %
    Signatures of both Buyers to be insured for
    _____    N/A    Joint Credit Involuntary Unemployment Insurance
    Insurer: _____    Term: N/A

CANCELLATION COVERAGE IS NOT REQUIRED: Debt Cancellation Coverage provides for the cancellation of your liability for amounts you owe under this Contract in excess of the ... of the Vehicle in the event of a total loss of the Vehicle. This is sometimes called "GAP" coverage. GAP coverage is not required to obtain credit and will not be provided unless it is ... d and you sign a separate GAP Notice requesting GAP coverage, which means you want GAP coverage and agree to pay the additional cost disclosed in the "Itemization of Amount ...zed".

NEE: We intend to assign this Contract and Security Agreement to the Assignee named in this provision. If the Assignee assigns the Contract to a subsequent assignee, the term also ... to such subsequent assignee. After the assignment, all rights and benefits of the Seller in this Contract and in the Security Agreement shall belong to and be enforceable by the ... ee. The Assignee's name and address is:

**M&T BANK**

**Installment Loan Operations, One Fountain Plaza, P.O. Box 767**
**Buffalo, New York 14240**

GNER: Any person signing the Co-Signer's Agreement below promises separately and together with all Co-Signer(s) and Buyer(s), to pay all sums due and to perform all agreements in ... ntract. Co-Signer will not be an Owner of the Vehicle.

NER: Any person signing the Co-Owner's Security Agreement below gives us a security interest in the Vehicle and agrees separately and together with all Co-Owner(s) and Buyer(s), ... erform all agreements in the Security Agreement and all other parts of this Contract except the "Promise to Pay" section.
... The terms shown in the boxes above are part of this Contract.

SE TO PAY: You agree to pay us the Total Sale Price for the Vehicle in U.S. funds by ... the Total Down Payment, and paying us the Amount Financed plus the ... charge (called "interest" in this Contract) at the Annual Percentage Rate shown ... You promise to make payments in accordance with the Payment Schedule. You ... to make payments on or before the same day of each month as the first payment ... e. You agree to pay all other amounts which may become due under the terms of ... ntract. You agree to make payments at the place or to send payments to the ... which the Assignee most recently specifies in the written notice to you.

SECURITY AGREEMENT: To secure the payment of all sums due and the performance of all required obligations under this Contract, you give us a security interest in the Vehicle, in all parts (called "Accessions") attached to the Vehicle at any later time, and in any proceeds of the Vehicle, including insurance proceeds.

ADDITIONAL TERMS AND CONDITIONS: THIS CONTRACT CONTINUES ON THE REVERSE SIDE. YOU ARE OBLIGATED TO ALL THE TERMS OF THE CONTRACT WHICH APPEAR ON THE FRONT AND REVERSE SIDES.

Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to ... e a part of the Finance Charge.

CE TO THE BUYER: 1. Do not sign this Contract before you read it or if it contains any blank space. 2. You are entitled to a ... letely filled-in copy of this Contract. 3. Under the law, you have the right to pay off in advance the full amount due. If you ... , you may, depending on the nature of the credit service charge, either (a) prepay without penalty, or (b) under some ... stances obtain a rebate of the credit service charge. 4. According to law you have the privilege of purchasing the insurance ... motor vehicle provided for in this Contract from an agent or broker of your own selection.

g below, we agree to sell the Vehicle to you under the terms of this Contract.    You hereby acknowledge receipt of a copy of this Contract.

STAR HYUNDAI, LLC    RETAIL INSTALMENT CONTRACT

    BUYER X _[signature]_    (SEAL)    08/22/2015
    08/22/2015    BUYER X _____    (SEAL)    Date
    (SEAL)    Date
    Date

## CO-SIGNER NOTICE

ree to pay the debt identified above, although you may not personally receive any property, services or money. You may be sued for ... t, although the person who receives the property, services or money is capable of paying the debt. You should know that the Total of ... ts listed above could include Finance Charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs ... ney's fees, or other charges that are stated in the Contract. You will also have to pay some or all of these costs and charges as required by ... ons of this Contract. This notice is not the writing that obligates you to pay the debt. You have read the Retail Instalment Contract, which ... s the exact terms of your obligation, and the Co-Signer(s) Notice.
... have been given a completed copy of this Notice and each writing that obligates you or the Buyer on this Contract.

    X _____
 of Co-Signer    Date    Signature of Co-Signer    Date

: YOU SHOULD READ THE NOTICE TO CO-SIGNER ABOVE, BEFORE SIGNING THE CO-SIGNER'S AGREEMENT.
'S AGREEMENT: You, the person (or persons) signing below as "Co-Signer", promise to pay to us all sums due on this Contract and to perform all agreements in this Contract. ... to be legally bound by all the terms of this Contract, separately and together, with the Buyer. You are making this promise to induce us to make this Contract with the Buyer, ... t we will use the proceeds only for the Buyer's benefit. You agree to pay even though we may not have made any prior demand for payment on the Buyer or exercised our ... rest. You also acknowledge receiving a completed copy of this Contract.

    _____ (SEAL)
 Signature    Address    Date

    _____ (SEAL)
 Signature    Address    Date

SECURITY AGREEMENT: You, the person signing below as "Co-Owner", together with the Buyer(s) being all of the Owners of the Vehicle, give us a security interest in the ... ied above. You agree to be bound by the terms of the Security Agreement and all other parts of this Contract except the "Promise to Pay" section. You are giving us ... st to induce us to make this Contract with the Buyer, and to secure the payment by the Buyer of all sums due on this Contract. You will not be responsible for any deficiency ... e due after repossession and sale of the Vehicle.

    _____
 nature    Address    Date

## ASSIGNMENT

... es to be bound by all provisions of this Contract. Also, for value received and intending to be legally bound hereby, the Seller (a) assigns this Contract to the Assignee ... subject to all terms and conditions of the dealer agreement currently in effect between Seller and Assignee and (b) makes, with respect to this Contract, all warranties and ... set forth in such dealer agreement. Whether or not Seller signs this Assignment, if Assignee takes assignment of the Contract from the Seller, then such assignment shall be ... without recourse", pursuant to the dealer agreement, and made as of the date of the Contract. For purposes of this Assignment, Seller hereby appoints Assignee as its ... to supply any missing signature of Seller hereunder.

    STAR HYUNDAI, LLC
 Name of Seller    Signature and Title of Person signing for Seller

## No Cooling Off Period

... es not provide for a "cooling off" or other cancellation period for this Contract. Therefore, you cannot later cancel this Contract ... use you change your mind or wish you had acquired a different item. After you sign above, you may only cancel this Contract for ... reasons.

...rY5233LC-1) 4/2/2004    NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
 Financial Services - BANCO    ORIGINAL - White • BUYER'S COPY - Canary • CO-SIGNER'S COPY - Pink • SELLER'S COPY - Goldenrod    Interest Rate _____ %

TRUE COPY- UCC NON-AUTHORITATIVE COPY

By signing, you select Single Credit Involuntary Unemployment Insurance, which costs $ _____ N/A

What is your age? _____ Yrs.

By signing, you both select Joint Credit Involuntary Unemployment Insurance, which costs $ _____ N/A

What are your ages? _____

Percentage to be insured N/A %

X _____
Signature of Buyer to be insured for Single Credit Involuntary Unemployment Insurance

1. X _____
2. X _____
Signatures of both Buyers to be insured for Joint Credit Involuntary Unemployment Insurance

Insurer: _____ Term: _____ N/A

Insurer: _____ Term: _____ N/A

**DEBT CANCELLATION COVERAGE IS NOT REQUIRED:** Debt Cancellation Coverage provides for the cancellation of your liability for amounts you owe under this Contract in excess of the value of the Vehicle in the event of a total loss of the Vehicle. This is sometimes called "GAP" coverage. GAP coverage is not required to obtain credit and will not be provided unless it is offered and you sign a separate GAP notice requesting GAP coverage, which means you want GAP coverage and agree to pay the additional cost disclosed in the "Itemization of Amount Financed".

**ASSIGNEE:** We intend to assign this Contract and Security Agreement to the Assignee named in this provision. If the Assignee assigns this Contract to a subsequent assignee, the term also refers to such subsequent assignee. After the assignment, all rights and benefits of the Seller in this Contract and in the Security Agreement shall belong to and be enforceable by the Assignee. The Assignee's name and address is:

**M&T BANK**
**Installment Loan Operations, One Fountain Plaza, P.O. Box 767**
**Buffalo, New York 14240**

**CO-SIGNER:** Any person signing the Co-Signer's Agreement below promises separately and together with all Co-Signer(s) and Buyer(s), to pay all sums due and to perform all agreements in this Contract. Co-Signer will not be an Owner of the Vehicle.

**CO-OWNER:** Any person signing the Co-Owner's Security Agreement below gives us a security interest in the Vehicle and agrees separately and together with all Co-Owner(s) and Buyer(s), to perform all agreements in the Security Agreement and all other parts of this Contract except the "Promise to Pay" section.

**TERMS:** The terms shown in the boxes above are part of this Contract.

**PROMISE TO PAY:** You agree to pay us the Total Sale Price for the Vehicle in U.S. funds by making the Total Down Payment, and paying us the Amount Financed plus the credit service charge (called "interest" in this Contract) at the Annual Percentage Rate shown above. You promise to make payments in accordance with the Payment Schedule. You promise to make payments on or before the same day of each month as the first payment due date. You agree to pay all other amounts which may become due under the terms of this Contract. You agree to make payments at the place or to send payments to the address which the Assignee most recently specifies in the written notice to you.

**SECURITY AGREEMENT:** To secure the payment of all sums due and the performance of all required obligations under this Contract, you give us a security interest in the Vehicle, in all parts (called "Accessions") attached to the Vehicle at any later time, and in any proceeds of the Vehicle, including insurance proceeds.

**ADDITIONAL TERMS AND CONDITIONS:** THIS CONTRACT CONTINUES ON THE REVERSE SIDE. YOU ARE OBLIGATED TO ALL THE TERMS OF THE CONTRACT WHICH APPEAR ON THE FRONT AND REVERSE SIDES.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**NOTICE TO THE BUYER:** 1. Do not sign this Contract before you read it or if it contains any blank space. 2. You are entitled to a completely filled-in copy of this Contract. 3. Under the law, you have the right to pay off in advance the full amount due. If you do so, you may, depending on the nature of the credit service charge, either (a) prepay without penalty, or (b) under some circumstances obtain a rebate of the credit service charge. 4. According to law you have the privilege of purchasing the insurance on the motor vehicle provided for in this Contract from an agent or broker of your own selection.

By signing below, we agree to sell the Vehicle to you under the terms of this Contract.

You hereby acknowledge receipt of a copy of this Contract.
**RETAIL INSTALMENT CONTRACT**

SELLER X _____ STAR HYUNDAI, LLC

BUYER X _____ (SEAL) 08/22/2015
Date

BY: _____ (SEAL) 08/22/2015
Date

BUYER X _____ (SEAL) _____
Date

**CO-SIGNER NOTICE**
You agree to pay the debt identified above, although you may not personally receive any property, services or money. You may be sued for payment, although the person who receives the property, services or money is capable of paying the debt. You should know that the Total of Payments listed above does not include Finance Charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that are stated in the Contract. You will also have to pay some or all of these costs and charges as required by the terms of the Contract. This notice is not the writing that obligates you to pay the debt. You have read the Retail Instalment Contract, which contains the exact terms of your obligation, and the Co-Signer(s) Notice.

You have been given a completed copy of this Notice and each writing that obligates you or the Buyer on this Contract.

X _____
Signature of Co-Signer

X _____
Signature of Co-Signer

Date _____

**CO-SIGNER: YOU SHOULD READ THE NOTICE TO CO-SIGNER ABOVE, BEFORE SIGNING THE CO-SIGNER'S AGREEMENT.**
**CO-SIGNER'S AGREEMENT:** You, the person (or persons) signing below as "Co-Signer", promise to pay to us all sums due on this Contract and to perform all agreements in this Contract. You intend to be legally bound by all the terms of this Contract, separately and together, with the Buyer. You are making this promise to induce us to make this Contract with the Buyer, even though we will use the proceeds only for the Buyer's benefit. You agree to pay even though we may not have made any prior demand for payment on the Buyer or exercised our security interest. You also acknowledge receiving a completed copy of this Contract.

X _____ (SEAL)
Co-Signer's Signature

Address _____

Date _____

X _____ (SEAL)
Co-Signer's Signature

Address _____

Date _____

**CO-OWNER'S SECURITY AGREEMENT:** You, the person signing below as "Co-Owner", together with the Buyer(s) being all the Owners of the Vehicle, give us a security interest in the Vehicle identified above. You agree to be bound by the terms of the Security Agreement and all other parts of this Contract except the "Promise to Pay" section. You are giving us this security interest to induce us to make this Contract with the Buyer, and to secure the payment by the Buyer of all sums due on this Contract. You will not be responsible for any deficiency which might be due after repossession and sale of the Vehicle.

X _____
Co-Owner's Signature

Address _____

Date _____

**ASSIGNMENT**
The Seller agrees to be bound by all provisions of this Contract. Also, for value received and intending to be legally bound hereby, the Seller (a) assigns this Contract to the Assignee pursuant to and subject to all terms and conditions of the dealer agreement currently in effect between Seller and Assignee and (b) makes, with respect to this Contract, all warranties and representations set forth in such dealer agreement. Whether or not Seller signs this Assignment, if Assignee takes assignment of the Contract from the Seller, then such assignment shall be deemed to be "without recourse", pursuant to the dealer agreement, and made as of the date of the Contract. For purposes of this Assignment, Seller hereby appoints Assignee as attorney-in-fact to supply any missing information and to correct patent errors. STAR HYUNDAI, LLC

Date _____

Name of Seller _____

Signature and Title of Person signing for Seller _____

**No Cooling Off Period**
State law does not provide for a "cooling off" or other cancellation period for this Contract. Therefore, you cannot later cancel this Contract simply because you change your mind or wish you had acquired a different item. After you sign above, you may only cancel this Contract for legally valid reasons.

Form MT-RSMVLF-NY (NY529SLG-1) 4/7/2004
© 2004 Wolters Kluwer Financial Services ∙ BANKO

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.*
ORIGINAL ∙ White ∙ BUYER'S COPY ∙ Canary ∙ CO-SIGNER'S COPY ∙ Pink ∙ SELLER'S COPY ∙ Goldenrod

TRUE COPY- UCC NON-AUTHORITATIVE COPY

# EXHIBIT F

⚠ Caution
As of: March 16, 2021 4:34 PM Z

## Orix Fin. Servs. v. Hoxit

Supreme Court of New York, New York County

August 1, 2006, Decided

101550/06

**Reporter**
2006 N.Y. Misc. LEXIS 2367 *; 236 N.Y.L.J. 44

Orix Financial Services Inc. v. Hoxit

## Core Terms

Excavator, financing, seller, statute of limitations, sales contract, further order, four year, summary judgment, documents, buyer, order of the court, motion to dismiss, time barred, installment, sequence, offsets

## Case Summary

### Procedural Posture

Defendant buyers opposed plaintiff assignee's action for summary judgment in lieu of complaint, and brought a separate pre-answer motion to dismiss based upon the running of the statute of limitations in U.C.C. § 2-725.

### Overview

Pursuant to a "conditional sale contract note," the buyers purchased an excavator from the seller. The buyer agreed to pay the seller in 60 monthly installments. By separate document, the buyers acknowledged receipt of the excavator and also of the seller's intention to assign the "contract and note" to the assignee. The buyers represented that they had no defenses, offsets, or counterclaims against the seller and waived any claims or offsets against the assignee. One day later, the seller assigned the contract to the assignee. The assignee subsequently claimed that the

buyers failed to make the payment due under the contract and repossessed the excavator. After a public sale, the assignee sought to collect the deficiency from the buyers. The court found that while the contract provided for financing, at its core it was predominantly an contract to sell the excavator. The financing aspect of the contract was secondary and did not convert the contract into an action based upon a promissory note or a financing agreement. Therefore, the contract was time barred by the four-year statute of limitations in U.C.C. § 2-725.

### Outcome

The motion to dismiss was granted, the motion for summary judgment in lieu of complaint was denied, and judgment was entered in favor of the buyers and against the assignee.

**Counsel:** [*1] For Plaintiff: Lewis M. Smoley, Davidoff Malito & Hutcher, LLP.

For Defendant: John T. Gorton, Gorton & Gorton, LLP.

**Judges:** Justice Gische

**Opinion by:** Gische

**FILED: QUEENS COUNTY CLERK 07/27/2022 05:43 PM**                     INDEX NO. 706898/2022

NYSCEF DOC. NO. 18   Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 58 of 72 PageID #: 113   RECEIVED NYSCEF: 07/27/2022

2006 N.Y. Misc. LEXIS 2367, *1

# Opinion

The decision and order of the court is as follows: Plaintiff Orix Financial Services, Inc. has commenced an action for summary judgment in lieu of complaint (motion sequence number 001). Defendants, Paul Hoxit and James Hoxit have opposed the motion and also brought a separate pre-answer motion to dismiss, based upon the running of the applicable statute of limitations (motion sequence number 002). The motions are consolidated for consideration and disposition in this decision.

Certain facts are established by documentary evidence. On January 10, 2000 Van Lott, Inc. as "seller" and Paul Hoxit and James Hoxit as "buyer" entered into a "Conditional Sale Contract Note". Pursuant to such document, defendants purchased property identified as a John Deere Excavator ("Excavator") at a contract price of $ 106,200, which was comprised of a purchase price, a transaction charge and a finance charge. The buyer agreed to pay the **[*2]** seller in 60 monthly installments of $ 1,770.00 each, commencing January 10, 2000. The seller retained a security interest in the equipment.

By separate document, also dated January 10, 2000, defendants acknowledged receipt of the Excavator and also of Van Lott, Inc.'s intention to assign the "agreement and note" to Orix Credit Alliance, Inc. ("OCAI"). The defendants represented that they had no defenses, offsets or counterclaims against Van Lott, Inc. and waived any claims or offsets against OCAI.

The third document, executed one day later, on January 11, 2000, is the assignment of the Conditional Sale Contract Note by Van Lott, Inc. to OCAI.

Plaintiff, Orix Financial Services, Inc. claims that it was formerly known as OCAI. It further claims that on February 10, 2001 defendants failed to make the installment payment due under the Conditional Sale Contract Note. They claim that as a result the entire amount accelerated and became due. OCAI then repossessed the Excavator and on June 8, 2001, at a public sale, sold it for $ 35,000. After deducting expenses, plaintiff claims that there is a deficiency due it in the amount of $ 37,018.44 plus interest. This action seeks such relief.

**[*3]** Defendants argue that the action is time barred and should be dismissed. In any event, they claim there

are factual issues about the manner in which the Excavator was sold at auction, which warrant denial of plaintiff's request for summary judgment in lieu of complaint.

The gravamen of the dispute between the parties is whether the documents evidence a sale of an excavator or a finance agreement. If the agreement is a contract for the sale of goods, then a four year statute of limitations applies. _UCC § 2-725_. If the documents constitute a finance agreement, then the longer, six year statute of limitations found in the CPLR applies. _CPLR § 213_. Application of the shorter statute of limitations would render this action time barred, since this action was commenced in January 30, 2006, which is more than four years after the breach on February 10, 2001. The agreement and the documents that constitute its parts were clearly written by the seller. It, therefore, must be strictly construed against the seller, or here, seller's assignee. _Jacobson v. Sassower, 66 N.Y.2d 991, 489 N.E.2d 1283, 499 N.Y.S.2d 381 (1985)_; _Greenfield v. Phillies Records, Inc., 23 A.D.3d 214, 803 N.Y.S.2d 548 (1st dept. 2005)._ **[*4]**

While the agreement does provide for financing, at its core it is predominantly an agreement to sell the excavator. Indeed, the agreement itself provides that the buyer had the option of buying the excavator without financing. The financing aspect of the agreement is secondary and does not convert this contract for goods into an action based upon a promissory note or a financing agreement. _Levin v. Hoffman Fuel Co., 94 A.D.2d 640, 462 N.Y.S.2d 195 (1st dept. 1983)_; _Baker v. Norton, 192 Misc. 2d 511, 747 N.Y.S.2d 146 (Sup. Ct. Rensselaer Co. 2002)._

Since the agreement is primarily one for the sale of goods, it is controlled by the four year statute of limitations. This action, which was brought after the four years had already elapsed, is therefore time barred.

In accordance with this decision it is hereby:

ORDERED that the motion to dismiss is granted in its entirety, and it is further

ORDERED that the motion for summary judgment in lieu of complaint is denied, and it is further

ORDERED that the Clerk shall enter a judgment in favor of defendants and against the plaintiff dismissing the complaint, and it is further

ORDERED that any requested relief not expressly

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 59 of 72 PageID #: 114

2006 N.Y. Misc. LEXIS 2367, *4

granted [*5]  herein is denied, and it is further

ORDERED this shall constitute the decision and order
of the Court.

End of Document

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 60 of 72 PageID #: 115

# EXHIBIT G

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

————————————————————— X

Autovest, L.L.C.                                    Index No.: 24033/2012
                          Plaintiff,

                                                    DECISION/ORDER
         -against-

                                                    Present: HON. ROBIN K. SHEARES
                                                    Civil Court Judge

Juliete Nathan
                          Defendant.

————————————————————— X

**Recitation, as required by CPLR §2219(a), of the papers considered in the review of Plaintiff/Defendant's Motion:**

| Papers | Numbered |
|--------|----------|
| Order to Show Cause/Notice of Motion and | |
| Affidavits/Affirmations Annexed | 1 - 2 |
| Exhibits | A - C |
| Cross-Motion and Affidavits/Affirmations | 3 - 5 |
| Exhibits | A - S |
| Answering Affidavits/Affirmations | 6 |
| Exhibits | |
| Reply Affidavits/Affirmations | 7 |

        Plaintiff filed Motion for Summary Judgment stating that there are no triable issues of fact in that the Defendant purchased a motor vehicle and defaulted on the monthly payments. Plaintiff states that the motor vehicle was sold at auction for less than what was owed, and that the Defendant owes the balance of the loan along with interest and repossession fees. Defendant filed a Cross-Motion requesting leave to amend the pro se answer, to accept the proposed Amended Answer and deem it served and filed, granting summary judgment as this action is time barred, and to deny the Plaintiff's request for summary judgment. The Plaintiff filed an Answer to which the

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 62 of 72 PageID #: 117

Defendant filed a Reply.

Upon the foregoing cited papers, and after oral arguments, the Court DENIES the Plaintiff's motion in its entirety and GRANTS the Defendant's Motion for Summary Judgment, as the Court finds that this matter is time barred.

On November 9, 2007, the Defendant entered into a contract with Tri County Motors whereby the Defendant purchased a 2006 Chevrolet Cobalt from Tri County Motors with the first payment due on December 24, 2007. On November 9, 2007, the contract was assigned to Wells Fargo. Then, on January 6, 2011, the contract was assigned to the Plaintiff, Autovest, LLC (Plaintiff's Exhibit A). While the first payment was due and owing on December 24, 2007, that payment was not made. In fact, the Plaintiff admits in her motion papers that she has never made any payments on this contract.

CPLR §213 states that actions are to be commenced in six (6) years. However, CPLR §213 (2) provides an exception for those actions that fall under Article 2 of the Uniform Commercial Code §2-725 of the Uniform Commercial Code (hereinafter, "UCC"), provides that "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." The issue here is whether or not the sale of a motor vehicle falls under the CPLR or the UCC. The Court finds that it falls under the UCC [see *Louisa Fazio et al., v. Ford Motor Corp.*, 69 A.D. 2d 896; 415 N.Y.S.2d 889; (2nd Dep't, 1979)]. Therefore, this matter should have been commenced four years after the breach of contract. In this case, the contract was breached on December 24, 2007 when the Defendant failed to make the first payment on the installment contract. As such, this matter should have been commenced no later than December 24, 2011. However, this matter was filed with the Court on July 26, 2012, seven months after the statute of limitations had expired.

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 63 of 72 PageID #: 118

Therefore, this action is time barred and the Defendant's Motion for Summary Judgment is granted.  This matter is hereby dismissed.

This constitutes the Decision of the Court.

Dated: March 23, 2015

HON. ROBIN K. SHEARES

_____
ROBIN K. SHEARES
J.C.C.

# EXHIBIT H

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 65 of 72 PageID #: 120

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS PART 65
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
AUTOVEST, LLC,

                                                    Index No. 506536/15

                         Plaintiffs,

          - against -

NICODEEN JAYCENT SENTINO a/k/a
NICODEEN J. JAYCENT,

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

As required by CPLR 2219(a), the following papers read on this motion to dismiss:

|                                                   | PAPERS NUMBERED |
| ------------------------------------------------- | --------------- |
| Notice of Motion, Affidavit and Exhibits          | 1               |
| Affirmation in Opposition and Exhibits            | 2               |
| Reply Affirmation                                 | 3               |

This is an action alleging default on a retail installment contract for the purchase

of a car.  Defendant moves to dismiss the complaint on the basis that the action is

barred by the applicable statute of limitations and because defendant was not served

with the summons and complaint.  Movant is unrepresented by counsel, however, each

page of defendant's affidavit states that the affidavit was prepared with the assistance

of MFY Legal Services, Inc but that organization does not represent the defendant in

this action.

BACKGROUND

Plaintiff served defendant with the Summons and Complaint in the instant

action in May 2015.  Defendant did not answer the Complaint.  Plaintiff obtained a

default judgment against defendant in August 2015.  Defendant states that he became

aware of the judgment in January 2016 and thereafter moved to vacate the default

judgment. That motion was granted with a direction that the defendant's Answer be served and filed on or before June 17, 2016. Defendant annexes an Affirmation of Service of the Answer to his motion within Exhibit F. Defendant states in his Affidavit in support of the within motion at ¶10 that he filed the Answer with the court clerk on June 8, 2016. However he then states in the same paragraph that "[u]pon information and belief, due to an error at MFY's offices, the answer was not electronically filed until July 27,2016". Plaintiff asserts that defendant's Answer should be disallowed by the court as untimely filed.

## STATUTE OF LIMITATIONS

Defendant argues in her motion that the instant action should be dismissed as it was filed beyond the four (4) year statute of limitations contained in UCC §2-725(2). Plaintiff argues in opposition that the applicable statute of limitations is the six (6) year period contained in CPLR §213(2). Plaintiff's argument is premised on the "primary purpose" of the subject contract being security for the sale of goods rather than a contract for the sale of goods. Defendant cites to and relies on *Orix Financial Services, Inc. v Barnes, 2007 WL 2825881 (SCNY 2007)*. However, in that case Judge Holwell in the United States District Court for the Southern District of New York applying New York case law and referring to cases in other jurisdictions, holds that a contract such as the one at bar is primarily for the sale of goods to which the four (4) year statute of limitations in UCC§2-725 applies. *See Orix Financial Services v Hoxit, 2006 NY Misc Lexis 2367 *4 (NY Sup Ct 2006)* and *Alice A. Baker, Inc v Norton, 192 Misc2d 511 (Sup*

*Ct Rensselaer Co 2002)*.  Accordingly, plaintiff's argument is based upon a misreading of the case law on which its argument relies.

The statute of limitations runs from the time of breach no matter which statute of limitations applies.  As indicated by the transaction history annexed to plaintiff's motion as Exhibit G, his last payment was on February 20, 2009.  As payments were to be made monthly pursuant to the contract, the breach occurred on March 20, 2007.  This action was commenced more than four (4) years after that date.  It should be noted that applying the six (6) year statute of limitations to a breach date of March 20, 2007, this action was also commenced more than six (6) years after the breach.  In its papers, plaintiff argues that the statute of limitations runs from the date that it charged off defendant's account.  While not required for the determination of the instant motion, the court believes that plaintiff's argument as to the date on which the statute of limitations begins to run is in error.

The court has reviewed the remaining arguments but need not decide them as the motion to dismiss is granted on the basis that the action was filed after the four (4) year statute of limitations had run.  Accordingly, it is hereby ORDERED that defendant's motion to dismiss on statute of limitations grounds is granted and denied as moot on the other bases argued.  This is the decision and Order of the court.

November 1, 2016

_____

HON. LOREN BAILY-SCHIFFMAN

2016 NOV 15  AM 6:

FILED KINGS COUNTY CLERK

HON. LOREN BAILY-SCHIFFMAN

UCS-840
(rev. 02/01/2022)

# REQUEST FOR JUDICIAL INTERVENTION

### Supreme COURT, COUNTY OF Queens

Index No: _____706898/2022_____    Date Index Issued: ____03/30/2022____

| | **For Court Use Only:** |
|---|---|
| | **IAS Entry Date** |

| **CAPTION** | Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. |
|---|---|

M&T Bank

Plaintiff(s)/Petitioner(s)

**Judge Assigned**

-against-

Blanca Luciano a/k/a Blanca I. Luciano

**RJI Filed Date**

Defendant(s)/Respondent(s)

---

**NATURE OF ACTION OR PROCEEDING:**    Check only one box and specify where indicated.

### COMMERCIAL

- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

**NOTE:** For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

### TORTS

- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

### SPECIAL PROCEEDINGS

- ☐ Child-Parent Security Act (specify): ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration    [see **NOTE** in **COMMERCIAL** section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement (specify): ☐ Initial ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

### MATRIMONIAL

- ☐ Contested
  **NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

### REAL PROPERTY  Specify how many properties the application includes: _____

- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential    ☐ Commercial
  Property Address: _____
  **NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.
- ☐ Partition
  **NOTE:** Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P)**.
- ☐ Tax Certiorari (specify):  Section: _____ Block: _____ Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

### OTHER MATTERS

- ☐ Certificate of Incorporation/Dissolution    [see **NOTE** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☒ Other (specify): _Consumer Credit (Non-Card) Transaction_

---

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: ___03/30/2022___ |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: ___06/13/2022___ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

---

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ☒ Notice of Motion    Relief Requested: _Dismiss_    Return Date: __08/23/2022__
- ☐ Notice of Petition    Relief Requested: _____    Return Date: _____
- ☐ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Partition Settlement Conference
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

Case 1:23-cv-02233-EK-RML   Document 1-5   Filed 03/22/23   Page 69 of 72 PageID #: 124

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** <br> List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** <br> For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** <br> For each defendant, indicate if issue has been joined. | **Insurance Carriers** <br> For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: M&T Bank <br><br> Role(s): Plaintiff/Petitioner | KYLE DIDONE, RUPP BAASE PFALZGRAF CUNNINGHAM LLC, 1600 Liberty Building , Buffalo, NY 14202, 716-854-3400, didone@ruppbaase.com | ☒ YES ☐ NO | |
| ☐ | Name: Luciano, Blanca <br><br> Role(s): Defendant/Respondent | MATTHEW SCHEDLER, CAMBA LEGAL SERVICES, 20 Snyder Avenue , Brooklyn, NY 11226, 7189406311 ext 79284, matthewsc@camba.org | ☒ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:  07/27/2022

MATTHEW AUSTIN SCHEDLER
Signature

4600938
Attorney Registration Number

MATTHEW AUSTIN SCHEDLER
Print Name

*This form was generated by NYSCEF*

Case 1:23-cv-02233-EK-RML   Document 1-3   Filed 03/22/23   Page 70 of 72 PageID #: 125



# CAMBA

### where you can

Matthew Schedler
Supervising Attorney
CAMBA Legal Services, Inc.
20 Snyder Avenue
Brooklyn, NY 11226
(718)-940-6311 ext.79284
matthewsc@camba.org

July 27, 2022

Clerk of the Supreme Court
County of Queens
88-11 Sutphin Blvd
Queens, NY 11435

Re:    M&T Bank v. Blanca Luciano, Index No. 706989/2022 Motion to Dismiss

To Whom It May Concern:

This letter certifies that the undersigned has agreed to represent the defendant in the above captioned civil action. This letter also certifies that our office, a non-profit legal services organization, has determined that the defendant, Ms. Luciano, is a poor person and is unable to pay the costs, fees, and expenses necessary to defend the above mentioned proceeding.

Accordingly, we request, pursuant to New York CPLR 1101(e), that the fee for filing the motion and the request for judicial intervention be waived.

Should you need anything else, or have any questions, please let me know. I can be contacted at (718) 940-6311 ext. 79284 or via email at MatthewSc@camba.org

Sincerely,

By: Matthew Schedler Esq.
Supervising Attorney

Case 1:23-cv-02233-EK-RML Document 1-5 Filed 03/22/23 Page 72 of 72 PageID #: 127

NYSCEF DOC. NO. 1

Queens County Clerk
General Courthouse
88-11 Sutphin Blvd.
Jamaica, New York 11435

ZIP 14202 $ 000.57⁰
02 4W
0000383595

Blanca luciano a/k/a
Blanca I. Luciano
93-09 103rd Avenue, Apt. 2
Ozone Park, New York 11417