STATE OF NEW YORK
SUPREME COURT : COUNTY OF QUEENS

---

M&T BANK,

                Plaintiff,          Index No.: 706898/2022

vs.

BLANCA LUCIANO
A/K/A BLANCA I. LUCIANO,

                Defendant.

---

## AFFIDAVIT

STATE OF NEW YORK  )
                            ) ss:
COUNTY OF ERIE      )

CAITLIN WHALEN, being duly sworn, deposes and says:

1. I am an Assistant Vice President for M&T Bank, plaintiff in this matter. As part of my job duties, I handle the loan file for the plaintiff. I have worked extensively on this matter, and, as such, I have reviewed all of the corporate records, files, and documents related thereto. Therefore, I am fully familiar with the facts and circumstances set forth herein, and I make this affidavit upon personal knowledge.

2. I make this affidavit in support of M&T Bank's motion for summary judgment and in opposition to defendant's motion to dismiss.

3. On or about August 22, 2015, defendant Blanca Luciano a/k/a Blanca I. Luciano ("defendant") executed a certain retail installment contract ("Contract"), pursuant to which plaintiff agreed to lend the defendant the amount of $42,163.02 to finance the purchase of a 2016 Hyundai Santa Fe-S, and the defendant agreed to repay that amount in accordance with the terms of the Contract. A copy of the Contract is attached hereto as Exhibit A. The Contract is a business record executed contemporaneously at the time of the transaction. It was prepared within the normal course of business for M&T Bank, and it is within M&T Bank's normal course of business of extending consumer loans to execute agreements such as the Contract at or near the time of the transaction.

4. The Contract served to finance defendant's acquisition of a 2016 Hyundai Santa Fe-S (the "Collateral"). Pursuant to the terms of the Contract, M&T Bank held a valid security interest in the Collateral.

5. Defendant breached the terms of the Contract by, among other things, failing and/or refusing to make payments in accordance with its terms. Defendant defaulted on the February 2018 payment and all subsequent payments.

6. Based on defendant's default, M&T Bank initiated the repossession of the Collateral.

7. On or about May 3, 2018, plaintiff sent defendant a "notice of our plan to sell property." The notice informed defendant she breached the contract, that plaintiff intends to

sell the collateral, and that defendant will be responsible for any deficiency. The notice further informed defendant of her right to redeem the Collateral and the amounts due and owing to bring her account current and cure the default. A copy of the notice of our plan to sell property is attached as Exhibit B.

8. The notice clearly states that "The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money that you owe, you will get the extra money, unless we must pay it to someone else." *See* Exhibit B.

9. Defendant did not cure her default in response to the notice of our plan to sell property. Defendant also did not object to the terms of the notice of repossession and sale.

10. Accordingly, M&T Bank proceeded to sell the Collateral. On or about June 21, 2018, the Collateral was sold at a private auction for $16,600.00.

11. On June 26, 2018, M&T Bank sent defendant a letter advising her of the sale and providing her with an accounting of the auction proceeds, the auction and repossession expenses, and the remaining deficiency balance owed to M&T Bank. A copy of M&T Bank's June 26, 2018 letter informing defendant of the sale and application of the proceeds is attached as Exhibit C.

12. Based on my experience in the sale and repossession of similar vehicles, M&T Bank conducted itself in a commercially reasonably manner. Disposal of the Collateral by private auction is commercially reasonable and a standard practice among dealers of similar collateral.

13. Additionally, M&T Bank provided defendant with the proper notices, incurred reasonable expenses to repossess and dispose of the Collateral, and applied the proceeds of the sale accordingly. The repossession and auction expenses incurred in connection with the repossession and sale of the Collateral are consistent with expenses incurred in similar repossession sales that I have worked on in the past for M&T Bank.

14. Taking into account the proceeds generated by the sale of the Collateral, defendant continues to owe the principal amount of $15,201.78 in principal, plus all accrued interest, costs, and attorneys' fees. Defendant has failed and/or refused to pay this deficiency balance due and owing.

15. Based on defendant's failure to pay the remaining balance due and owing, M&T Bank elected to commence this action.

16. By reason of defendant's breach of the Contract, M&T Bank has been damaged in the principal amount of $15,201.78, plus accrued interest, which as of March 22, 2022 totals $1,082.42, late charges in the amount of $637.92, costs, disbursements, and attorneys' fees.

**WHEREFORE**, M&T Bank respectfully requests that this Court grant it judgment against defendant Blanca Luciano a/k/a Blanca I. Luciano in the principal amount of $15,201.78, plus accrued interest, late charges, costs, and attorneys' fees, together with such other and further relief that this Court deems just and proper.

_Caitlin E. Whalen_
Caitlin E. Whalen
Assistant Vice President

Sworn to before me this
29th day of August, 2022.

_____
Notary Public

ANGELA M. BERNINGER
NOTARY PUBLIC STATE OF NEW YORK
ERIE COUNTY
LIC. #01BE6376033
COMM. EXP. 06/04/2026