Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 1 of 21 PageID #: 210

**SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS**

-------------------------------------------------------------------- X

M&T BANK

                               Plaintiff,

             – against –

BLANCA LUCIANO

                          Defendant(s).

-------------------------------------------------------------------- X

Index No.: 706898/2022

**AFFIRMATION IN REPLY AND OPPOSITION TO SUMMARY JUDGMENT**

Matthew Schedler, Esq., an attorney duly admitted to the practice of law in the State of New York, hereby affirms the following to be true pursuant to C.P.L.R. § 2106 and under the penalties of perjury states that:

1. I am a supervising attorney with CAMBA Legal Services, Inc., attorneys for the Defendant, Ms. Blanca Luciano ("Defendant" or "Ms. Luciano"). As such, I am fully familiar with the facts and circumstances of this proceeding, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true. The basis of my belief is information provided to me by my client and information contained within the court file.

2. I make this affirmation in support of Ms. Luciano's motion to dismiss and in opposition to Plaintiff's motion for summary judgment. No previous application has been made for the relief sought.

1

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 2 of 21 PageID #: 211

## ARGUMENTS IN REPLY TO M&T'S OPPOSITION TO MS. LUCIANO'S MOTION TO DISMISS

### The Statute of Limitations for New York's Motor Vehicle Retail Installment Act is not Relevant Because M&T Does Not Assert a Claim Under that Act.

3. M&T begins their opposition by arguing that Article 2 of Uniform Commercial Code ("UCC") does not apply to this sale because New York's Motor Vehicle Retail Installment Act ("MVRISA") regulates car purchases. Without additional analysis, M&T declares that Article 2 of the UCC is inapplicable and that their claims are governed by a 6-year statute of limitations under CPLR § 213.

4. The sale of a car to a consumer is governed by multiple statutes. The Truth in Lending Act controls disclosures of the cost of credit, New York's General Obligations Law partially governs redemption notices, the Magnus and Moss Warranty Act partially governs warranty claims, the Federal Odometer Act governs odometer disclosures, Article 2 of the UCC governs breach of contract claims, and New York's Motor Vehicle Retail Installment Act provides a host of requirements related to contract disclosures. 15 USC 1601 *et. seq.*; General Obligations Law § 7-401; 15 USC § 2301 *et. seq.*; 49 USC 327 et. seq.; Personal Property Law § 301 *et. seq.*

5. Each of these statutes have their own limitations period, but the limitations period of one does not affect the limitations period of another. Yet, that is the rule that M&T proposes: that the limitations period for a claim for a violation of the MVRISA should control a claim made under Article 2 of the UCC. This is not how a statute of limitations analysis operates. To evaluate what statute of limitations period applies, you first look at the claim alleged.

2

Case 1:23-cv-02233-EK-RML Document 1-10 Filed 03/22/23 Page 3 of 21 PageID #: 212

6. Here, M&T alleges two claims: breach of contract and unjust enrichment - it does not allege a violation of MVRISA. Because there is no cause of action asserted under MVRISA, its statute of limitations period is irrelevant. Instead, what matters is the statute of limitations periods for claims of breach of contract and unjust enrichment.

7. Claims for breach of contract are governed by CPLR § 213, which states that breach of contract claims are subject to a six year statute of limitations, unless those claims are governed by Article 2 of the UCC. CPLR § 213 (the six-year statute of limitations should apply "except as provided in. . .article 2 of the uniform commercial code.").

8. As discussed at length in Ms. Luciano's opening brief, the transaction at issue here - the purchase and sale of a car - is a contract for the sale of goods governed by Article 2 and its four-year statute of limitations. NY UCC § 2-175.

9. M&T's unjust enrichment claim is also governed by a four year statute of limitations because unjust enrichment claims brought based on contracts governed by Article 2 of the UCC are controlled by the statutes four year limitations period. *Herba v. Chichester*, 301 A.D.2d 822 (App. Div. 3rd Dep't 2003) *Troy Boiler Works, Inc. v. Sterile Techs., Inc.,* 777 N.Y.S.2d 574 (N.Y. Sup. Ct. 2003). It is these limitations period that are relevant and which make the case time barred.

10. M&T does not cite any case or statute in support of its argument that the statute of limitations period for an unasserted MVRISA claim governs a breach of contract claim under the UCC, and there is no case or statute that supports this argument. The only law M&T does cite is a section of Article 2 stating that the article does not repeal or impair any statute regulating sales to consumer, farmers, or other specified classes of buyers. NY UCC 2-102. All this portion of the statute means is that Article 2 does not displace

3

these statutes and they co-exist. It does not mean the MVRISA supplants the UCC, which New York courts have consistently applied to car sales. *Autovest, L.L.C. v. Nathan*, No. 24033/2012,2 2015 WL 1360148 at *1 (N.Y. City Civ. Ct. Mar. 23, 2015) (citing *Louisa Fazio et al., v. Ford Motor Corp.*, 69 A.D. 2d 896; 515 N.Y.S.2d 889 [2d Dep't, 1979]); *N.A.R., Inc. v. D'Andrea* 72 Misc. 3d 132(A), 148 N.Y.S.3d 332 (N.Y. App. Term. 2021); *See Heller v. US. Suzuki Motor Corp.*, 64 N.Y.2d 407, 408 (1985); *Weinstein v. Gen. Motors Corp.*, 51 A.D.2d 335, 337 (1ˢᵗ Dep't 1976).

11. The Supreme Court of Vermont addressed a similar argument in *DaimlerChrysler Servs. N. Am., LLC v. Ouimette*. *DaimlerChrysler Servs. N. Am., LLC v. Ouimette*, 175 Vt. 316 (2003). In that case, the Plaintiff argued Vermont's Motor Vehicle Retail Installment Sales and Financing Act's undefined statute of limitations should control over the UCC. The court found - as is the case here - that there is no inconsistency between the two acts and the UCC's statue of limitations controlled. The court went on to say that even if there were a conflict the UCC's goal of creating a uniform statute of limitations for contracts for the sale of goods would mean it controls. *Id*. The same analysis applies here.

12. The rest of M&T's opposition reinforces the UCC's application and does away with its argument that the MRVISA governs, as they cite with approval multiple cases applying Article 2 to car sales including in the statute of limitations context. *Alice A. Baker, Inc. v. Norton*, 192 Misc.2d 511 (Sup. Ct, Rensselaer County 2002); *Coxall v. Clover Comm. Corp.*, 4 Misc. 3d 654, 661-62, 781 N.Y.S.2d 567 (Civ. Ct. Kings County, June 8, 2004).

13. Put simply, statutes of limitations periods are dictated by the cause of action asserted, M&T argues that this should not be the case and that the MVRISA should control. M&T offers no support for this rule and none exists.

4

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 5 of 21 PageID #: 214

14. M&T's breach of contract claim must be governed by the limitations period for breach of contract under the UCC, and should be dismissed because it was brought beyond that period.

**A Cause of Action for Breach of Contract Under Article 2 of the UCC Begins to Run From the Breach, Regardless of Plaintiff's Knowledge.**

15. M&T's second argument in opposition to Ms. Luciano's motion to dismiss is that under a four year statute of limitations period a claim does not begin to run until it is accelerated. A debt is accelerated when a creditor informs or takes another action that lets the debtor know the full amount is due.

16. M&T makes two separate claims with respect to acceleration: first, that the statute of limitations period for the entire debt does not begin until acceleration occurs, and, second, in the alternative, that each separate missed payment is its own cause of action such that even if its claims for the February 2018 and March 2018 payments are time barred it can still seek the other months. M&T asserts that the acceleration occurred in June 2018 when it sent the post repossession deficiency notice required by the UCC. NY UCC § 9-616.

17. M&T's arguments have the same defect that lead to the filing of the action in the first place: a misunderstanding of the relationship between common law breach of contract claims and claims governed the UCC. In support of its argument, M&T cites two cases *Sce v. Ash* and *Medalie v. Jacobsen* for the proposition that acceleration starts the statute of limitations period. Respectively, these cases concern a loan and a pension agreement and are governed by the common law of contracts. *Sce v. Ach*, 56 A.D.3d 457 (App. Div. 2d Dep't. 2008); *Medalie v. Jacobson*, 120 A.D.2d 652 (App. Div. 2d Dep't. 1986).

5

While these cases do state that the statute of limitations under the common law runs from acceleration, they do not govern the claims against Ms. Luciano.

18. Ms. Luciano's case is governed by the UCC which supplants the common law and provides its own rules. With respect to statute of limitations, UCC § 2-725(2) defines when a cause of action accrues stating that a "cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." NY UCC § 2-275. This definition eliminates any acceleration requirement as acceleration not only requires knowledge of the breach but the aggrieved party to communicate or take other action that shows all the money is owed.

19. The official comment to this section states the rule even more plainly, "the cause of action accrues when the breach occurs." Official Comment UCC §2-275(b). This statutory language disposes of both of M&T's claims concerning acceleration by removing it as a consideration, a party's demand - or even its knowledge - does not matter. All that is necessary for accrual is the breach, that is when M&T can sue and it is when the time starts to run on the statute of limitations.

20. Here, it is undisputed that the breach occurred when Ms. Luciano defaulted on the contract in February 2018. M&T states this explicitly in the affidavit of their sponsoring witness, Caitlin Whalen, where she swears that defendant breached the terms of the agreement by failing to make payments in February 2018. Affidavit of Caitlin Whalen ¶ 5.

21. New York courts have frequently analyzed the question of when a cause of action accrues in a suit for breach of contract of a car sale. These cases hold, as the statute says, that the statute of limitations runs from when the debtor misses a payment. *Autovest, L.L.C. v.*

6

Case 1:23-cv-02233-EK-RML    Document 1-10    Filed 03/22/23    Page 7 of 21 PageID #: 216

*Nathan*, No. 24033/2012, 2015 WL 1360148, at *1 (N.Y. City Civ. Ct. Mar. 23, 2015)("In this case, the contract was breached on December 24, 2007 when the Defendant failed to make the first payment on the installment contract."); *Orix Fin. Servs. v. Hoxit.,* No. 101550/06, 2006 N.Y. Misc. LEXIS 2367, at *3 (Sup. Ct. Aug. 1, 2006)(breach occurred on February 10, 2001 when defendant failed to make a payment); *See Autovest, L.L.C. v. Weems*, No. 34697/2020E, 2021 WL 4862329 (N.Y. Sup. Ct. Sep. 20, 2021).

22. This is consistent with other states that have looked at the question of default and found it runs from the breach. *In re Travers*, 73 U.C.C. Rep. Serv. 2d 353 (Bankr. D. Md. 2010) (statute of limitations runs from date party had right to sue, which is date of default, not date of repossession sale); *Suntrust Bank v. Venable*, 299 Ga. 655, 660-661(2016)(holding that the statute of limitations runs from the breach); *Citizen's Nat'l Bank of Decatur v. Farmer*, 395 NE 2d 1121 (Ill App. Ct. 1979)(holding an action for breach of contract under the UCC should have been brought within four years from defendants breach).

**M&Ts Argument that the Statute of Limitations Period Runs From the Sending of The Post Sale Deficiency Notice Creates an Inoperable Rule that Would Destroy Fundamental Elements of the UCC.**

23. M&T opposition cites only one more case, *Alice A. Baker, Inc. v. Norton*, for the rule that if a debt is accelerated the statute of limitations begins to run from acceleration. *Alice A. Baker Inc. v. Norton* does not state that this is the rule, and nowhere in the decision is the word acceleration mentioned or is that principle analyzed. *Alice A. Baker, Inc. v. Norton*, 192 Misc.2d511 Instead, the court - without additional analysis - merely

7

states that, "It appears that the statute began to run on September 27, 1994 after Baker

sold the vehicle to herself at auction and then sent defendants a notice of the alleged

deficiency." *Id*.

24. This is dicta, and faint hearted dicta at that, with no discussion when the statute of

limitations accrued or why accrual would run from the notice of deficiency. This is not

surprising as the Plaintiff in *Alice A. Baker, Inc. v. Norton* filed the action almost 6 years

prior to the sending of the notice of deficiency meaning that the case was time barred no

matter when the statute of limitations accrued. *Id*. As discussed in depth in Ms. Luciano's

motion to dismiss, no court in New York that has examined the issue directly has found

that the statute of limitations accrues upon sending the notice of deficiency post sale and

no court has followed *Alice A. Baker, Inc. v. Norton*.

25. This is for good reason, if the rule proposed by M&T was correct a secured party to a

contract could not sue when a debtor defaulted in payment, but would have to wait until it

repossessed the car, sold it at auction, and then sent a notice of deficiency. This runs

contrary to the UCC and if it were true would incentivize and number of bad practices,

including permitting creditors to indefinitely extend the statute of limitations by simply

never making a demand. This infinite extension void against policy. *Hahn Auto.*

*Warehouse, Inc. v. Am. Zurich Ins. Co*., 18 N.Y.3d 765, 771 (2012) *quoting Town of*

*Brookhaven v MIC Prop. & Cas. Ins. Corp.*, 245 AD2d 365, 365 (App. Div. 2d Dep't.

1997), lv denied 92 NY2d 806 (1998). *See also Deutsche Bank Nat'l Tr. Co. Tr. for*

*Harborview Mortg. Loan Tr. v. Flagstar Cap. Markets Corp.*, 32 N.Y.3d 139,146 (2018)

(holding that the New York Court of Appeals has repeatedly rejected accrual dates which

cannot be ascertained with any degree of certainty).

8

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 9 of 21 PageID #: 218

26. Moreover, if M&T were correct sending a notice of deficiency would be a prerequisite for commencing a lawsuit.  A cause of action accrues when you have the right to sue. *Lebello v. Albany Medical Center Hosp.*, 85 N.Y.2d 701 (1995); *In re Travers*, 73 U.C.C. Rep. Serv. 2d 353 (Bankr. D. Md. 2010). Under M&T's argument an action to collect on security interest would not accrue - and a lawsuit could not be filed - until the collateral was repossessed, disposed of, and a notice of deficiency was sent. If this were the rule, though, it would impose a number of preconditions on secured creditors and rewrite the UCC.

27. For example, this would mean that repossession would have to occur before the filing of a cause of action for breach in a secured transaction, as a notice of deficiency cannot be sent until collateral is taken and disposed of. But, this runs counter to the UCC, which does not require creditors to elect between seizing collateral and suing on the amount owed.  NY UCC § 9-601(c).  Instead, the UCC allows the creditor to pursue these remedies in any sequence, including partially.  A creditor may sue and reduce the debt to judgment and then repossess, it may repossess and then sue – as is the case here, or it may chose only one remedy suing for the whole amount and not repossessing or only repossessing the collateral and not suing. *VFS Fin., Inc. v. Shilo Mgmt. Corp.*, 372 P.3d 582 (Or. Ct. App. 2016) (applying NY law) (it is not a violation of duty of good faith and fair dealing to repossess collateral at beginning of suit and then continue to pursue litigation without selling it); *See Marine Midland v. Hakim*, 247 A.D.2d 345 (App. Div 1st Dep't. 1998).

28. Requiring notice of sale prior to suti would completely undo this section of the UCC preventing a creditor from choosing its remedy and instead requiring them to repossess

9

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 10 of 21 PageID #: 219

and send notice as a precondition of filing suit.  In addition to replacing the statutory scheme, basing accrual on the mailing of the deficiency notice would also mean that a debtor could avoid being sued by hiding or destroying the collateral.  This would encourage debtor malfeasance and place an enhanced importance on repossession that could lead to more breaches of the peace. All of these results are contrary to the statute and public policy and likely why no other New York court has adopted the rule.

**Acceleration Would Have Occurred More Four Years from the Filing of the Summons and Complaint.**

29. Even if acceleration was required the action is still untimely because Ms. Luciano voluntarily surrendered the car more than four years before the case was filed. As set out in her affidavit Ms. Luciano had her hours cut back at work and was no longer able to afford the car.  Ms. Luciano's Affidavit.  Faced with this, Ms. Luciano called M&T who took possession of the car and incorrectly informed her that she did not need to pay. *Id*. Based on this Ms. Luciano defaulted on her February 6, 2018 payment. *Id*.

30. Acceleration of a debt occurs when the creditor determines that the full amount on the contract is due and owing.  This is a precondition to taking possession of collateral which occurred prior to the default.  If the debt was not accelerated the creditor would have no right or ability to take possession of a car that did not have anything owed on it.  As a result, an acceleration had to have occurred prior to the repossession which, in turn, was more than four years from commencement of the action. *Id*.

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 11 of 21 PageID #: 220

**M&T Does Not Substantively Address How It Stated a Claim for Unjust Enrichment or Why It is Within the Statute of Limitations.**

31. Ms. Luciano also moved to dismiss M&T's unjust enrichment claim on the grounds that M&T failed to set out how Ms. Luciano was enriched and because it was brought outside the four years statute of limitations. M&T does not address the statute of limitations claim for unjust enrichment but, as discussed above, a claim for unjust enrichment based on a contract for the sale of goods is also governed by the UCC's four year limitations period.

32. M&T addresses their failure to state a claim for unjust enrichment, with the conclusory statement that Ms. Luciano was enriched in the amount of 15,201.78 - the amount M&T says is due. This amount it is just how much M&T thinks they are owed, not a benefit unfairly accrued to Ms. Luciano. For this reason, and the reason discussed in her motion to dismiss, M&T's unjust enrichment claim should be dismissed.

## MS. LUCIANO'S ARGUMENTS IN OPPOSITION TO M&T'S MOTION FOR SUMMARY JUDGMENT

*Legal Standard*

33. C.P.L.R. § 3212(b) requires that a motion for summary judgment be supported by an affidavit of a person with requisite knowledge of the facts, together with a copy of the pleadings and by other admissible proof. *Spearman v. Times Square Stores Corp.* 96 A.D.2d 552, 553 (App. Div. 2d Dep't. 1981); C.P.L.R. § 3212(b). To prevail on a motion for summary judgment, the movant must establish its cause of action by tender of evidentiary proof in admissible form sufficient to warrant the court to direct a verdict. *See* C.P.L.R. 3212(b); *Zuckerman v. NYC Transit Authority*, 49 N.Y.2d 557, 562 (1980).

11

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 12 of 21 PageID #: 221

34. A conclusory affidavit, or an affidavit by a person who has no personal knowledge of the facts, cannot establish a *prima facie* case. *JMD Holdings Corp. v. Cong. Fin. Corp.*, 4 N.Y.3d 373, 385 (2005); *Castro v. N.Y. Univ.*, 5 A.D.3d 135, 136 (App. Div. 1st Dep't. 2004). Likewise, a mere conclusory assertion of fact, without any evidentiary basis is insufficient. *Grullon v. City of New York*, 297 A.D.2d 261, 263 (App. Div. 1st Dep't 2002).

35. Documents submitted in support of a summary judgment motion must either be certified, or properly authenticated as business records, or otherwise have a proper foundation in order for summary judgment to be granted. *Dayanim v. Unis*, 171 A.D.2d 579, 567 N.Y.S.2d 673 (App. Div. 1st Dep't. 1991).

36. In short, the movant bears a heavy burden. Indeed, a movant's "[f]ailure to make such *prima facie* showing requires the denial of the motion, regardless of the sufficiency of the opposing papers." *JMD Holding Corp.*, 4 N.Y.3d at 384. Moreover, the court must be cautious in granting summary judgment. "Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable." *Forrest v. Jewish Guild for the Blind*, 3 N.Y. 3d 295, 315 (2004). Finally, in deciding a motion for summary judgment "the facts must be viewed in the light most favorable to the non-moving party." *Matter of Council of City of N.Y. v. Bloomberg*, 6 N.Y.3d 308, 401 (2006); *citing Matshushita Elec. Industrial Co. v. Zenith Radio Corp.*, 175 U.S. 574, 587 (1986).

**M&T Has Failed to Establish a Prima Facie Case For Breach of Contract**

37. In order to satisfy the *prima facie* requirements for a claim of breach of contract a plaintiff must show the following: 1) the existence of a contract between the parties 2) the

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 13 of 21 PageID #: 222

specific terms of the contract and revisions thereto 3) that the contract was breached, and 4) that the plaintiff has been damaged. *Sylmark Holdings Ltd. v. Silicone Zone Intern. Ltd.,* 5 Misc.3d 285, 295 (Sup. Ct. N.Y. Co. 2004) *citing Furia v. Furia,* 116 A.D.2d 694, 695 (App. Div. 2d Dep't 1986); *Citibank v. Martin,* 11 Misc. 3d 219 (Civ. Ct. N.Y. Co. 2005). Absent a showing of all of these requirements, a *prima facie* case will not be established, and the plaintiff will be denied recovery. In this case, M&T has failed to establish these elements.

38. Significantly, M&T has not provided the entirety of the contract they allege is the subject of this suit, and has failed to offer the essential terms. The best evidence rule requires that to prove the contents of a contract the plaintiff must produce the original writing, or, if there is a satisfactory excuse for failure to produce it, the plaintiff may offer secondary evidence of its contents. *Schozer v. William Penn Life Ins. Co.,* 84 N.Y.2d 639, (1994).

39. The contract submitted by M&T as part of its complaint, the contract provided to Ms. Luciano through informal discovery, and the contract attached to M&T's summary judgment motion are all the same. Though it is broken down into multiple pages for readability reasons, the actual document is the first page of a contract for the purchase of a car. At the bottom of the agreement it says, "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION" in the body of the agreement, under the heading "Additional Terms and Conditions" the agreement states, again in all caps, "THIS CONTRACT CONTINUES ON THE REVERSE SIDE. YOU ARE OBLIGATED TO ALL THE TERMS OF THE CONTRACT WHICH APPEAR ON THE FRONT AND REVERSE SIDES." M&T has not provided this side of the contract or its terms and conditions. Because it has not provided the entire contract M&T has not satisfied the best

13

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 14 of 21 PageID #: 223

evidence rule, cannot establish the essential terms of the agreement, and has not established its *prima facie* claim for breach of contract claim. *See Richstone v. Everbank Reverse Mortgage*, Inc., 27 Misc. 3d 1201(A) (Supreme Ct. N.Y. County 2009).

**M&T Does Not Have a Right to Attorney's Fees**

40. In addition to an award of summary judgment on its breach of contract and unjust enrichment claims, M&T requests costs and attorney's fees based on the terms of the contract. In support of this request, M&T cites the contract and the affirmation of its sponsoring witness, Caitlin Whalen. M&T goes so far as to reference specific contractual language that allows their attorneys to collect ongoing fees as part of enforcing any judgment.

41. The contract attached to M&T's motion to summary judgment does not have an attorney's fees provision and M&T has no basis to make this request. It is unclear why M&T thinks it has these rights or how it can truthfully represent to the court that it does when its own documents plainly do not provide for it. In any case, M&T has not submitted proof that it has the right to this relief and its request should be denied.

**M&T Sponsoring Witness Lacks Personal Knowledge.**

42. M&T's Motion for Summary Judgment is supported by the affidavit of their sponsoring witness, Caitlin Whalen. Affidavit of Caitlin Whalen. Ms. Whalen describes herself as the assistant vice president for M&T. *Id* at ¶ 1. Ms. Whalen states that she has worked extensively on this matter and reviewed all the corporate records. *Id*. Ms. Whalen does not provide a description of her job, she does not provide the dates of her employment, she does not state how she knows the information she is swearing to, she does not describe M&T's record keeping system, she does not say what training she has had with

14

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 15 of 21 PageID #: 224

M&T's record keeping system, and she does not provide any other information about her position.

43. Ms. Whalen is the sponsoring witness for all of M&T's documents. Starting with the contract, Ms. Whalen does not display familiarity with the documents sufficient to offer them into evidence.  In spite of saying that she is extensively familiar with the documents at issue, she makes a number of elementary mistakes that reveal a lack of familiarity with the case. First she describes the contract is a loan agreement in which M&T agreed to lend Ms. Luciano $42,163.02. *Id* at ¶ 3. The contract at issue here is not for a loan and was no loan was made by M&T. The contract was a time priced sale between Star Hyundai and Ms. Luciano. M&T then took assignment of the contract, but at no point did M&T loan any money to anyone. This lack of familiarity appears again when Ms. Whalen states that M&T is entitled to attorney's fees even though there is no clause in the contract allowing it, and again when the pre and post-sale notices are reviewed. *Id* at ¶ 16.  These documents have the word "copy" printed over almost the entirety of the text making them substantively illegible. If Ms. Whalen had actually bothered to review these documents she surely would have produced clean copies, described the terms of the sale correctly, and not claimed that M&T was entitled to attorney's fees based on a provision not included in the contract.

44. This lack of basic understanding of the documents she is attempting to introduce combined with the lack of information concerning Ms. Whalen's job duties makes her affidavit insufficient to support a motion for summary judgment under C.P.L.R. § 3212, and creates a triable issue of fact concerning the accuracy of her testimony, necessitating the denial of the plaintiff's motion. C.P.L.R. § 3212; *Capital One Bank v. Lavano*,

Case 1:23-cv-02233-EK-RML Document 1-10 Filed 03/22/23 Page 16 of 21 PageID #: 225

9186/11 NYLJ 1202626074203, at 1* (Sup. NA, Decided November 4, 2013); *Discover Bank v. Shimer*, 36 Misc.3d 1214A (Dist. Ct. Nassau Co. 2012); *JP Morgan Chase Bank, N.A. v. Rabel,* 27 Misc.3d 656 (Civ. Ct. Kings Co. 2010).

45. Without this knowledge, Ms. Whalen cannot be a proper sponsoring witness or offer these exhibits into evidence. *People v. Cratsley*, 86 N.Y.2d 81 (1995); *Insurance Co. of North America v. Gottlieb*, 186 A.D. 2d 470 (App. Div. 1st Dep't 1992; *Palisades Collection, LLC v. Kedik*, 67 A.D.3d 1329 (App. Div. 4th Dep't. 2009); *Unifund CCR Partners v. Youngman*, 89 A.D.3d 1377 (App. Div. 4th Dep't. 2011); *Credit Acceptance Corp. v. Wilkerson*, 34 Misc.3d 158(A) (App. Term 9th and 10th 2012); Richard Farrell, Prince, Richardson on Evidence §8-308 (11th ed.). Because the exhibits offered by Ms. Whalen are inadmissible the plaintiff's motion must be denied.

### Ms. Whalen Has Not Provided the Necessary Foundation for the Other Documents Attached to M&T's Motion.

46. M&T's motion is also defective because - with one exception - the documents submitted in support of its motion are not within any exception to the rule against hearsay. Hearsay is defined as any out-of-court statement made for the purpose of establishing the truth of the matter asserted. *See People v. Nieves*, 67 N.Y.2d 125, 131 (1986). Such statements are only admissible if the party making the statements can demonstrate that they fall within an exception to the hearsay rule. *Id.*

47. M&T is asking the Court to treat the documents offered as business records. C.P.L.R. 4518(a). Pursuant to C.P.L.R. §4518(a), in order for documents to fall under this exception they must be accompanied by the proper foundation. To establish this, the proponent of the offered evidence must establish the following: 1) the documents were

16

Case 1:23-cv-02233-EK-RML Document 1-10 Filed 03/22/23 Page 17 of 21 PageID #: 226

made in the regular course of business, 2) that it was in the regular course of the subject

business to make the documents, 3) and that the documents were made contemporaneous

with or within a reasonable time after the act, transaction, occurrence or event recorded.

*People v. Kennedy,* 68 N.Y.2d 569, 579 (1986)*; People v. Cratsley*, 86 N.Y.2d 81, 89

(1995). If the documents are electronic records, then additional foundational testimony

for the admission of electronic records must also be offered.  C.P.L.R. § 4518.

48. Ms. Whalen provides foundational testimony for only one of plaintiff's exhibits, the

contract, which, as discussed above, is not provided in its entirety. Ms. Whalen discusses

- without introducing - M&T's Exhibits B and C, the notice of the plan to sell property

and the post-sale deficiency notice. Ms. Whalen does not provide any of the foundational

testimony for the admittance of these documents in her affidavit.

49. It is not clear why Ms. Whalen does not provide this testimony. Like the personal

knowledge testimony, if Ms. Whalen could truthfully offer the required foundational

testimony, she would.  Unlike the notices, Ms. Whalen is specific about the foundational

testimony related to the contract. It is not clear why Ms. Whalen can provide this

testimony for the contract but not the notices and Ms. Whalen does not state a reason for

only providing foundational testimony for one Exhibit.

50. The foundational elements for the admission of business records and electronic records

are simple recitations well-known, well-established, and easily testified to.  That Ms.

Whalen does not provide this simple testimony suggests that the she cannot truthfully

offer it, and again highlights Ms. Whalen's lack of personal knowledge regarding the

information she testifies too. Simply put, if Ms. Whalen could provide the required

foundational testimony she would.  Because the proper foundation for the admission of

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 18 of 21 PageID #: 227

business records has not been offered by M&T's its records cannot be admitted and its summary judgment motion should be denied. *People v. Kennedy*, 68 N.Y.2d 569 (1986); *People v. Cratsley*, 86 N.Y.2d 81 (1995).

### Triable Issues of Fact Remain

51. In addition to the evidentiary defects discuss above, M&T's Motion for Summary Judgment must be denied because numerous triable issues of fact remain.

**M&T Failed to Prove That it Sent Ms. Luciano the Required Notices.**

52. UCC § 9-611 provides that the secured party must send the consumer reasonable notice of the sale, while UCC § 9-616, requires the secured party provide the consumer with a written explanation of the deficiency. An item sent by mail is presumed to have been received provided proof of proper mailing is provided. *See Residential Holding Corp. v. Scottsdale Ins. Co.*, 286 A.D.2d 679, 680 (2d Dep't 2001).

53. Such a presumption is met by providing either proof of the actual mailing or by providing proof that a standard office procedure is in place to ensure that items are properly mailed. *Id*. "The mere assertion that notice was mailed, supported by someone with no personal knowledge of the mailing, is insufficient to give rise to the presumption of receipt that attaches to notices duly addressed and mailed." *Washington v. St. Paul Surplus Lines Ins. Co.*, 200 A.D.2d 617, 618 (2d Dep't 1994).

54. Ms. Whalen's affidavit states that M&T sent the notices, but no other information beyond that conclusory statement is offered. M&T provides no proof of mailing and Ms. Whalen does not provide testimony about M&T's standard mailing practices.

55. Ms. Luciano alleges in her answer that she never received these notices.  Luciano Answer ¶ 21. The failure to comply with UCC notice requirements entitles Ms. Luciano to

18

FILED: QUEENS COUNTY CLERK 11/07/2022 07:24 PM

Case 1:23-cv-02233-EK-RML Document 1-10 Filed 03/22/23 Page 19 of 21 PageID #: 228

damages under UCC § 9-625(b), equaling any loss caused by the failure to comply, along with the mandatory statutory damages under UCC § 9-625(c), under which a debtor may recover the finance charge plus ten percent of the cash price or principal of the loan. UCC § 9-625(c). Because M&T has not shown that it mailed these notices a triable issue of fact exists as to whether they were sent.

## M&T Has Not Shown the Sale Was Commercially Reasonable.

56. To obtain a deficiency judgment from the debtor, the secured party bears the burden of demonstrating that the sale of the collateral was commercially reasonable. *See General Electric Credit v. Durante Bros. & Sons*, 79 A.D.2d 509, 510 (1st Dep't 1980); *GMAC v. Jones*, 89 A.D.3d 985, 986 (2d Dep't 2011). Specifically, the secured party is required to ensure that "[e]very aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable." U.C.C. § 9-610(b). "Commercially reasonable" is defined as the creditor acting in good faith and disposing of the collateral in a manner that is mutually advantageous to both parties. *See Central Budget Corp. v. Garrett*, 48 A.D.2d 825, 825 (2d Dep't 1975); *108th St. Owners Corp. v. Overseas Commodities*, 238 A.D.2d 324, 325 (2d Dep't 1997).

57. When commercial reasonability is raised the burden of proof shifts to the secured creditor who must establish that every aspect of the disposition was commercially reasonable. *Kohler v. Ford Motor Credit Co., Inc.*, 93 A.D.2d 205 (App. Div. 3rd Dep't 1983).

58. Ms. Luciano's Answer asserts lack of commercial reasonableness as an affirmative defense.

19

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 20 of 21 PageID #: 229

59. To determining commercial reasonability New York courts will examine both the "proceeds" and the "procedure" of the disposition. *Federal Deposit Insurance Corporation v. Herald Square Fabrics Corp.*, 81 A.D.2d 168 (App. Div. 2d Dep't 1981).

60. In the "procedure" analysis, the court will extensively examine all aspects of the disposition, i.e., the manner of the sale, the time of the sale, and the notice of sale, to see if there is any impropriety. *National Bank of Delaware County, Walton v. Gregory*, 85 A.D.2d 839 (App. Div. 3rd Dep't 1981); *Federal Deposit Insurance Corporation v. Herald Square Fabrics Corp.*; F*ord Motor Credit Company v. Wenzel*, 13 Misc.3d144(A) (App. Term 9th and 10th Districts 2006); *Ford Motor Credit Company Inc., v. Racwell Construction, Inc.*, 24 A.D.3d 500 (App. Div. 2d Dep't 2005). For the "proceeds" test, the court looks to whether the optimum price has been obtained for the collateral. *Federal Deposit Insurance Corporation v. Herald Square Fabrics Corp.* Even if all disposition procedures are commercially reasonably there is still a triable issue of fact if there is a marked difference in the sale price and the disposition price. *Id*.

61. In this case, the sale of the vehicle was not commercially reasonable because the disposition of the collateral fails both tests. The sale fails the procedure test because, as stated in *Ford Motor Credit Company Inc., v. Racwell Construction*, 24 A.D.3d at 501, the notification of sale is one of the elements that must be commercially reasonable for a proper disposition. Ms. Luciano did not receive any pre-sale notices regarding the vehicle and M&T has proven they were mailed. Ms. Luciano's Answer ¶ 21.

62. Moreover, the disposition of the car fails the "proceeds" arm of the commercial reasonability analysis, as the price received for the car was likely markedly lower than

Case 1:23-cv-02233-EK-RML   Document 1-10   Filed 03/22/23   Page 21 of 21 PageID #: 230

the optimum sales price. *See Federal Deposit Insurance Corporation v. Herald Square Fabrics Corp.*

63. The car in question was purchased on August 22, 2015 for a total sale price of $54,634.72 and a cash price of $38,886.52. At the time of purchase, the vehicle was new. On or about June 21, 2018, approximately 35 months after the car was purchased Plaintiff resold the vehicle at a private sale for $16,600.00, $22,286.52 less than the cash price - a 57% depreciation. It is not known how many miles were added to the vehicle over those months. M&T has not satisfied its burden that the sale was commercially reasonable and summary judgment should be denied.

**WHEREFORE**, we respectfully request, on behalf of Ms. Blanca Luciano, that this Court issue an Order: (i) granting Ms. Luciano's motion to dismiss (ii) denying M&T's summary judgment, and (iii) granting such other relief as the Court may deem just and proper.

Dated: November 7, 2022
Brooklyn, New York

By:  Matthew Schedler, Esq., Of Counsel
CAMBA Legal Services, Inc.
Elizabeth Miller, Esq., General Counsel
20 Snyder Avenue, 2nd Floor
Brooklyn, NY 11226
(718) 940-6311 ext. 79284
matthewsc@camba.org
*Attorneys for the Defendant*