Case 1:23-cv-02233-EK-RML   Document 1-11   Filed 03/22/23   Page 1 of 10 PageID #: 231

STATE OF NEW YORK
SUPREME COURT : COUNTY OF QUEENS
_____

M&T BANK,

                      Plaintiff,                 Index No.: 706898/2022

     vs.


BLANCA LUCIANO
A/K/A BLANCA I. LUCIANO,

                      Defendant.
_____

## <u>**AFFIRMATION**</u>

       JACK A. BARGNESI, ESQ., being duly sworn, deposes and says:


       1.      I am an attorney duly licensed to practice law in the State of New York, and I am an associate with the law firm of Rupp Baase Pfalzgraf Cunningham LLC, attorneys for plaintiff, M&T Bank (the "plaintiff"), in the above-captioned action. I have worked on this matter extensively and am familiar with the matters set forth herein.


       2.      I submit this affirmation in reply to defendant's opposition to plaintiff's cross-motion for summary judgment.

Case 1:23-cv-02233-EK-RML Document 1-11 Filed 03/22/23 Page 2 of 10 PageID #: 232

## ARGUMENT

### POINT I

### M&T BANK IS ENTITLED TO SUMMARY JUDGMENT BECAUSE DEFENDANT HAS FAILED TO RAISE A TRIABLE ISSUE OF FACT

3.      M&T Bank is entitled to summary judgment because it has submitted the relevant debt instruments to the Court (*see* Exhibit A to the Whalen Affidavit), and because it has proffered an affidavit of nonpayment (*see* Whalen Affidavit). *See Mfrs. & Traders Trust Co. v. True-Tone Sound,* 288 A.D.2d 951, 732 N.Y.S.2d 211 (4th Dep't 2001) (holding that plaintiff met its initial burden by submitting copies of the debt instruments in addition to an affidavit of nonpayment from its vice president); *Rochester Community Sav. Bank v. Smith*, 172 A.D.2d 1018, 569 N.Y.S.2d 277 (4th Dep't 1991) (holding that plaintiff met its burden on a motion for summary judgment by submitting the relevant debt instruments and an affidavit of nonpayment).

4.      Given that M&T Bank has established its prima facie right to summary judgment, the burden shifts to defendant to raise a triable issue of fact. *See Chamberlain v. Amato*, 259 A.D.2d 1048, 688 N.Y.S.2d 345 (4th Dep't 1999).

5.      Defendant cannot meet her burden, as she has no meritorious defenses to this action. In fact, defendant admits to executing the contract and her failure to make payments when due. *See* defendant's affidavit at ¶ 5.

2

Case 1:23-cv-02233-EK-RML Document 1-11 Filed 03/22/23 Page 3 of 10 PageID #: 233

6. Defendant's arguments raised in her Motion to Dismiss and opposition to Plaintiff's Cross-Motion for Summary Judgment fail to raise a triable issue of fact regarding M&T Bank's entitlement to judgment as a matter of law.

7. Defendant argues that M&T Bank's complaint fails to state a cause of action. This is wholly without merit.

8. The complaint alleges causes of action against the defendant for breach of contract and unjust enrichment. In order to properly allege a cause of action for breach of contract, a complaint must allege the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of the contract, and the ensuing damages from the breach. See U.S. Bank Nat'l Assn. v. Lieberman, 2012 N.Y. App. Div. LEXIS 5820 at *2 (1st Dep't 2012).

9. In this case, the complaint against the defendant alleged the existence of a retail instalment contract entered into between the defendant and M&T Bank, that M&T Bank provided the defendant with funds to purchase a vehicle in fulfillment of the contract, and that defendant failed and/or refused to make payments according to the contract's terms. *See* Exhibit A to the Bargnesi Affirmation at ¶ 3 – 8. Therefore, M&T Bank has sufficiently alleged a cause of action for breach of contract.

10. In attempt to blur the issues, opposing counsel argues summary judgment cannot be granted because M&T Bank has not provided the entire contract. Notwithstanding the

Case 1:23-cv-02233-EK-RML   Document 1-11   Filed 03/22/23   Page 4 of 10 PageID #: 234

fact that defendant in her own affidavit does not even deny signing the contract and failing to make payments when due, the case law cited by opposing counsel further contradicts this argument. *Schozer v. William Penn Life Ins. Co.,* cited by opposing counsel for the proposition that the best evidence rule requires the original contract must be produced, in fact states, the "best evidence rule simply requires the production of an original writing where its contents are in dispute and sought to be proven." *Id.*

11.     Here, the contents of the retail installment contract are not in dispute. *See* defendant's affidavit at ¶ ¶ 2, 5. In her own affidavit, defendant has admitted to entering into the contract and subsequently missing payments. *Id.* The best evidence rule, therefore, is inapplicable to this action and the copy of the contract provided on numerous occasions to both defendant and opposing counsel are sufficient. Nonetheless, the reverse side of the contract is attached as Exhibit A to the affidavit of Caitlin E. Whalen, Assistant Vice President, sworn to December 19, 2022.

12.     In order to allege a cause of action for unjust enrichment, a complaint must state that the defendant was enriched at the plaintiff's expense and that the interests of equity and justice dictate that the defendant should not be able to retain what it recovered from the plaintiff. *See Mandarin Trading Co. v. Wildenstein*, 16 N.Y.3d 173, 182, 919 N.Y.S.2d 465 (2011).

13.     In this case, M&T Bank alleged that the defendant was enriched in the amount of $15,201.78 at the expense of M&T Bank, due to defendant's breach of the retail

4

Case 1:23-cv-02233-EK-RML   Document 1-11   Filed 03/22/23   Page 5 of 10 PageID #: 235

instalment contract. *See* Exhibit A to the Bargnesi Affirmation at ¶ 9-11. M&T Bank also stated that the defendant's enrichment came through no fault of the plaintiff, so the interests of justice would be served by rectifying the defendant's enrichment. *Id.*

14. M&T Bank provided the funds necessary for defendant to obtain the use and benefit of the motor vehicle, and defendant failed to pay for said use and benefit of the motor vehicle provided by M&T Bank. *Id.* at ¶¶ 4-5. M&T Bank's standing to bring this action is without question, and defendant's argument should therefore be disregarded.

15. On or about May 3, 2018, plaintiff mailed defendant a "notice of our plan to sell property." *Id.* at ¶ 7. A copy of the "notice of our plan to sell property" is attached as Exhibit E to the Bargnesi Affirmation.

16. Defendant cites *Washington v. St. Paul Surplus Lines Ins. Co.*, for the proposition that mailing a notice supported by someone with no personal knowledge of the mailing, is insufficient to give rise to the presumption the mailing was received. In the Whalen Affidavit, as sworn to, Caitlin Whalen states she handled this loan file and has worked extensively on the matter, having reviewed all corporate records, files, and documents related thereto. *See* Whalen Affidavit at ¶ 1. Caitlin Whalen furthers states that plaintiff mailed defendant a "notice of our plan to sell property." *Id.* at ¶ 3. Thus, the case law cited by opposing counsel is inapplicable, as the mailing of the notice is supported by someone with personal knowledge of the mailing, policies, and procedures.

5

17.     Defendant's conclusory and blanket assertion that Caitlin Whalen has no personal knowledge of this matter or the mailing should be disregarded.  Opposing counsel, in fact, has no knowledge as to M&T Bank's internal operations, procedures, or file handling. Without providing any evidence, opposing counsel's blank, self-supporting assertion that Caitlin Whalen's sworn to affidavit is false, is highly inappropriate and a clear attempt to mislead the court.

18.     To the extent that defendant alleges that M&T Bank failed to repossess and dispose of the Collateral in a commercially reasonable manner, this allegation also must fail.  As set forth in the Whalen Affidavit, M&T Bank followed all prerequisites and gave all the required notices in connection with its repossession of the Collateral.  M&T Bank arranged for the Collateral to be advertised for sale and disposed of at auction to the highest bidder.  As Caitlin Whalen avers, there was nothing unusual about the repossession and disposition of the Collateral and it was done in the same way that M&T Bank has handled the repossession and sale of similar vehicles.

19.     On June 26, 2018, M&T Bank sent defendant a letter advising her of the sale and providing her with an accounting of the auction proceeds, the auction and repossession expenses, and the remaining deficiency balance owed to M&T Bank.  A copy of M&T Bank's June 26, 2018, letter informing defendant of the sale and application of the proceeds is attached as Exhibit F to the Bargnesi Affirmation. In compliance with all applicable provisions of the U.C.C., this deficiency notice was sent to defendant prior to pursing the deficiency balance.

6

INDEX NO. 706898/2022
RECEIVED NYSCEF: 12/20/2022

Case 1:23-cv-02233-EK-RML   Document 1-11   Filed 03/22/23   Page 7 of 10 PageID #: 237

20.     Pursuant to New York UCC § 9-627(b), a sale is "commercially reasonably" if it takes place in a manner normal for any recognized market, if it yields a price that corresponds to fair market value for any recognized market at the time of the sale, or if the sale is "otherwise in conformity with reasonable commercial practices among dealers in the type of property that was subject to disposition." *See* N.Y. U.C.C. § 9-627(b) (McKinney's 2013). Sale of repossessed collateral by private auction has been held as a matter of law to be a commercially reasonable method of disposition. *Coxall v. Clover Comm. Corp.,* 4 Misc. 3d 654, 661-62, 781 N.Y.S.2d 567 (Civ. Ct. Kings County, June 8, 2004) *citing Charter One Auto Fin. Corp. v. Vaglio,* 2003 N.Y. Misc. LEXIS 253, *5, 2003 NY Slip Op 50638(U) (Sup. Ct., Nassau Co., January 30, 2003).   Defendant fails to raise any specific issue of fact with regard to the commercial reasonableness of the sale.  Accordingly, defendant's blanket assertion that the sale was not commercially reasonable is without merit.

21.     Defendant's additional arguments are irrelevant, wholly without merit, and unsupported by any admissible evidence.  Therefore, they are insufficient to deny M&T Bank judgment as a matter of law.

22.     The contract between the parties was an installment contract.  Therefore, when payments are due to the condition on an installment basis, a cause of action exists for each installment accrued. *Sce v. Ach*, 56 A.D.3d 457 (2nd Dept. 2008), *Medalie v. Jacobsen*, 120 A.D.2d 652 (2nd Dept. 1986).

7

Case 1:23-cv-02233-EK-RML   Document 1-11   Filed 03/22/23   Page 8 of 10 PageID #: 238

23.     As a general rule, in the absence of an acceleration clause providing for the entire amount of a note to be due upon the default of any one installment, a plaintiff is only entitled to recover past due installments and cannot unilaterally declare the note accelerated. Rather, each default on each installment gives rise to a separate cause of action. *Estate of Kathryn Essig v Essig*, 196 AD3d 1055, 1056 (4th Dept. 2021).  Accordingly, M&T Bank commenced this action well within the statute of limitations period.

24.     Defendant failed to make payments under the Contract, and therefore, is in breach of the agreement.  Based on this breach, M&T Bank is entitled to summary judgment against the defendant, for the amount of $16,922.12, plus accrued interest and late charges, together with all costs and attorneys' fees.  M&T's entitlement to costs and attorneys' fees arises out of the terms of the Contract.

25.     For all of the reasons stated herein, defendant's Motion to Dismiss should be denied in its entirety, and M&T Bank's motion for summary judgment should also be granted in its entirety.

<u>**POINT II**</u>
<u>**ATTONEYS' FEES**</u>

26.     M&T Bank also is entitled to costs and attorneys' fees.  Its entitlement to costs and attorneys' fees arises out of the terms of the Contract.  *See* Whalen Affidavit, Exhibit A at paragraph twenty.

8

27.     Your affirmant's firm handles this matter for M&T Bank on an hourly

basis.  The terms of the Contract allow M&T Bank to recover reasonable attorneys' fees plus

costs.  *See* Whalen Affidavit, Exhibit A. ("COLLECTION COSTS").

28.     To date, your affirmant's firm's work on this matter includes:

      a.     The preparation, filing, and service of the summons and verified complaint;

      b.     The review of defendant's answer;

      c.     Telephone conversations with our client; and

      d.     The preparation of plaintiff's motion for summary judgment and opposition to defendant's motion to dismiss.

29.     M&T Bank respectfully requests an award based on actual attorneys' fees

and costs incurred in the prosecution of this matter.  As of the date of this motion, your

affirmant's firm has expended 18.2 hours, with your affirmant spending 13 hours, partner Kyle

D. DiDone, Esq. expending 3.6 hours and paralegal Veronica Krause expending 1.6

hours.  Attorneys' fees for collection matters at your affirmant's firm are $225.00 per hour for

partners, $180.00 per hour for associates, and $130.00 per hour for paralegals.  Accordingly,

M&T Bank's attorneys' fees – calculated on an hourly basis – total $3,358.00.  Additionally,

M&T Bank has incurred costs and expenses in the amount of $346.28.

9

Case 1:23-cv-02233-EK-RML   Document 1-11   Filed 03/22/23   Page 10 of 10 PageID #: 240

30.     An award of $3,358.00 in attorneys' fees and $346.28 in costs and expenses is fair and reasonable in light of the specific contractual language concerning collection costs, the amount of time that your affirmant's firm has expended, the amount of time that your affirmant's firm will expend in enforcing M&T Bank's judgment, and the prevailing rates for legal services in New York.

WHEREFORE, M&T Bank respectfully requests that this Court grant it judgment against defendant Blanca Luciano a/k/a Blanca I. Luciano in the total amount of $16,922.12, plus accrued interest, late charges, costs, and attorneys' fees, deny the defendant's motion to dismiss in its entirety, and grant such other and further relief that this Court deems just and proper.

Dated:   December 19, 2022
         Buffalo, New York

                    **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
                    Attorneys for Plaintiff


                    By: _____
                            Jack A. Bargnesi, Esq.
                    1600 Liberty Building
                    Buffalo, New York 14202
                    (716) 854-3400