**AHMAD KESHAVARZ**

*Attorney at Law*

---

| 16 Court St., 26th Floor | www.NewYorkConsumerAttorney.com | Telephone: (718) 522-7900 |
| Brooklyn, NY 11241-1026 | E-mail: ahmad@NewYorkConsumerAttorney.com | Fax: (877) 496-7900 |

September 5, 2023

Hon. Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** Opposition to Defendants Rupp Pfalzgraf LLC and Kyle DiDone, Esq. ("Attorney Defendants") Pre-Motion Conference Letter to Dismiss [Dkt. No. 22].
*Luciano v. M&T Bank, et al.,* Case No.: 1:23-cv-02233-EK-RML

Dear Judge Komitee:

This firm, along with CAMBA Legal Services, Inc., represents Plaintiff, Blanca Luciano, in the above-entitled action regarding violations of the Fair Debt Collection Practices Act ("FDCPA"), N.Y. General Business Law § 349, Judiciary Law § 487, and for gross negligence and negligence. Attorney Defendants' Pre-Motion Conference Letter to Dismiss [Dkt. No. 22] ("the Letter") makes arguments for dismissal of Plaintiff's Complaint against Attorney Defendants.

Only the fourth argument, regarding tolling of the statute of limitations due to executive orders addressing the COVID-19 pandemic, raises any real challenge. However, for the reasons set forth below, Plaintiff will be amending her Complaint as upon further review it appears that the date of default alleged by M&T (through Attorney Defendants) cannot be accurate, and that even with the application of tolling the collections action against Ms. Luciano was time-barred.

1. <u>Attorney Defendants misconstrue how causes of action arise in retail installment sales contracts in New York.</u>

Attorney Defendants claim that "In New York, a breach of contract or unjust enrichment claim arising from a series of installment payments accrues separately for each installment." Dkt. No. 22, p. 2. For this proposition, they cite *Skaff v. Progrss Intern, LLC*, No. 12 Civ. 9045(KPF)(FM), 2014 WL 856521, *4 (S.D.N.Y March 4, 2014) and *Vigilant Ins. Co. of Am. v. Hous. Auth. Of City of El Paso, Tex.*, 87 N.Y.2d 36, 45 (1995). *Skaff* addresses Delaware law common law, not New York's Uniform Commercial Code. *Skaff,* 2014 WL 856521, *4 ("Delaware law applies"). *Vigilant Ins. Co. of Am.* similarly deals with bearer bond coupons, not the sale of goods governed by Article 2 of the UCC. 87 N.Y.2d at 39.

Here, default is defined by the contract which states that default occurs when any monthly payment is unpaid for more than 10 days after the deadline for monthly payment. Complaint ¶ 13(c).

2. <u>There is no ambiguity as to the applicable statute of limitations for retail installment contracts in New York.</u>

New York courts have repeatedly held that retail installment contracts are governed by NY UCC's four-year statute of limitations. *Autovest, LLC v. Nathan*, 2015 WL 1360148, at *1 (N.Y. Civ. Ct. Mar. 23, 2015); *Orix Financial Services, Inc. v. Hubbard*, 2006 WL 8086481, at *2 (N.Y.

1

Sup. Ct. Oct. 8, 2006); *Heller v. U.S. Suzuki Motor Corp.,* 64 N.Y.2d 407, 408 (1985).

Even assuming there was some ambiguity as to the applicable statute of limitations, whether Attorney Defendants were making a reasonable mistake in calculating the statute of limitations or were intentionally filing time-barred lawsuits (as alleged by Plaintiff) is a question of fact to be dealt with in discovery, not at a motion to dismiss. And even then, the FDCPA is a strict liability statute, and thus provides no safe harbor for a debt collector's alleged mistake of law. *E.g. Stinson v. Houslanger & Assocs.*, PLLC, No. 18-CV-11350 (JPO), 2021 WL 4443289, at *4 (S.D.N.Y. Sept. 28, 2021) (no bonafide error available for mistake of law in calculating statute of limitations in debt collection lawsuits).

3. <u>By Plaintiff's estimation, default of the alleged obligation occurred on or around June 2017.</u>

Plaintiff intends to amend her Complaint to add an additional claim of misrepresentation by the Defendants – misrepresenting that default occurred on . While Plaintiff cannot determine the exact date of default currently, she can provide a reasonable estimate of it by (1) how the underlying contract defines default, and (2) by using the sought principal of $33,456.22 (Complaint, Exhibit F, p. 47) and monthly payments of $629.34 (Complaint, Exhibit D, p. 2 ¶ 12).

The Contract defines default as any monthly payment being unpaid more than 10 days after the deadline for monthly payment. *Id.* ¶ 13(c). Defendants represented that default occurred on February 16, 2018 in their Opposition to Plaintiff's Motion to Dismiss in the Collection Lawsuit. *Id.* ¶ 27 *citing* Exhibit G to the Complaint.

If Ms. Luciano made consecutive monthly payments of $629.34 as agreed in the Contract, and the principal at the time of default was $33,456.22, the last payment would have been in June 2017. Even with the additional 228 days from COVID-19 tolling (*McLaughlin v. Snowlift*, 214 A.D.3d 720 (2d Dep't 2023)), the latest date at which Defendants could have filed was the Collection Lawsuit was January 30, 2022. Because the Collection Lawsuit was instead filed on March 30, 2022 (Complaint ¶ 29), the claims were time-barred even with the COVID-19 tolling. To clarify this, Plaintiff has requested the payment history from Defendants. As of this filing, the Rupp Defendants have stated that they do not have a payment history while the M&T Defendants are refusing to produce it.

Defendants' misrepresentation of the date of default goes further than making their claims untimely, even with the COVID-19 tolling. Plaintiff, recalling little from this time, relied to her detriment on Defendants' misrepresentation of the date of default. But-for Plaintiff's counsel doing their own calculations to find a reasonable estimate of the date of default, Plaintiff would not have known that the date of default occurred as early as June 2017, and thus could have been further misled into believing that the lawsuit was timely.

4. <u>Plaintiff has pled Attorney Defendants' intent sufficient for Judiciary Law § 487 through  their practice of filing time-barred lawsuits on behalf of M&T Bank.</u>

Plaintiff does not solely allege that Attorney Defendants filed a time-barred lawsuit against her, misrepresenting to her that the lawsuit was timely. Instead, Plaintiff alleges that M&T, through the Attorney Defendants, "repeatedly files time-barred lawsuits." Complaint, ¶ 68. Plaintiff has identified at least twenty one collection lawsuits similar to the one at issue – seeking collection of a debt arising from a sale of goods more than 4 years after the alleged default. *Id.* ¶¶ 69-75. Further, in many cases (such as the lawsuit against Ms. Luciano), the Attorney Defendants fail to attach

complete contracts, omitting the page that defines default and provides for M&T Bank's liability. *Id.* ¶¶ 78-79. Given how egregiously some of the cases are outside the statute of limitations, Plaintiff alleges that Attorney Defendants are performing a lack of meaningful attorney review on these collection lawsuits, both with complaints and with subsequent applications for default judgment. *Id.* ¶¶ 80-84.

This conduct, separately but even more so in sum, shows that Attorney Defendants' filing of time-barred lawsuits is intentional, or that the filing of time-barred lawsuits is the inevitable results of intentionally not performing a meaningful attorney review prior to bringing collection lawsuits.

> 5. <u>Plaintiff properly brings her Judiciary Law § 487 claim in this action rather than the Collections Action because it alleges conduct that goes beyond the circumstances of the Collections Action against her.</u>

"[A] separate lawsuit [for violation of Judiciary Law § 487] may be brought where the alleged perjury or fraud in the underlying action was merely a means to the accomplishment of a larger fraudulent scheme which was greater in scope than the issues determined in the prior proceeding." *Michelo v. National Collegiate Student Loan Trust 2007-2,* 419 F.Supp.3d 668, 710-711 (S.D.N.Y. 2019). The circumstances of Attorney Defendants' "larger fraudulent scheme which was greater in scope than the issues determined in [Ms. Luciano's collection lawsuit]" are akin to those found by courts in the Second Circuit to merit a separate lawsuit for Jud. Law § 487. *Michelo,* 182 F. Supp. 3d at 710-715; *Scott v. Greenberg*, No. 15-CV-05527 (MKB), 2017 WL 1214441, at *15 (E.D.N.Y. Mar. 31, 2017); *Diaz v. Portfolio Recovery Assocs., LLC*, No. 10 CV 3920 (ERK), 2012 WL 661456 (E.D.N.Y. Feb. 28, 2012), *report and recommendation adopted*, No. 10 CV 3920 (MKB) (CLP), 2012 WL 1882976 (E.D.N.Y. May 24, 2012); *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 428-29 (S.D.N.Y. 2010).

> 6. <u>Numerous courts have held filing time-barred lawsuits against consumers can be consumer-oriented under GBL § 349.</u>

To plead a violation of GBL § 349, a plaintiff must allege that defendants' "acts or practices have a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1999); *see also Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) ("The consumer-oriented requirement may be satisfied by showing that the conduct at issue potentially affect[s] similarly situated consumers." (quotation marks omitted)).

Numerous courts within the Second Circuit have held that filing time-barred lawsuits regularly is consumer-oriented conduct under GBL § 349. *Diaz v. Portfolio Recovery Assocs., LLC*, No. 10 CV 3920 MKB CLP, 2012 WL 1882976, at *5 (E.D.N.Y. May 24, 2012); *Stinson v. Houslanger & Assocs., PLLC*, No. 18-CV-11350 (JPO), 2021 WL 4443289, at *8 (S.D.N.Y. Sept. 28, 2021).

> 7. <u>Debt collectors have a *per se* duty to comply with the FDCPA and GBL § 349, and a duty in debt collection independent of a contract.</u>

"Creditors and debt collectors owe debtors 'a duty of reasonable care' in the collection of their debts." *Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 402, 412 (E.D.N.Y. 2012), *aff'd*, 529 F. App'x 45 (2d Cir. 2013) *quoting Colo. Capital v. Owens,* 227 F.R.D. 181, 191 (E.D.N.Y.2005). Attorney Defendants also owed Plaintiff a duty of reasonable care statutorily through GBL § 349. *Sanchez v. Ehrlich*, No. 16-CV-8677 (LAP), 2018 WL 2084147, at *7

3

(S.D.N.Y. Mar. 29, 2018) ("N.Y. G.B.L. § 349 sets a standard of care by prohibiting specific practices").

     Attorney Defendants breached its duty of reasonable care to consumers, including Plaintiff, by systematically filing time-barred lawsuits.

Sincerely,
/s/
Emma Caterine